

2-13-01

ROSENN, JENKINS & GREENWALD, L.L.P.
Donald H. Brobst, Esquire
Atty. I.D. No. 17833
Garry S. Taroli, Esquire
Atty. I.D. No. 30159
Jennifer Walsh Clark, Esquire
Atty. I.D. No. 82294
15 South Franklin Street
Wilkes-Barre, PA 18711
(570) 826-5600
Attorneys for Defendants

FILED
SCRANTON

FEB 15 2001

# IN THE UNITED STATES COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PER _____
DEPUTY CLERK

ARIEL LAND OWNERS, Inc.,

Plaintiffs,

v.

LORI DRING and NANCY ASARO,

Defendants.

CIVIL ACTION AT LAW
TO QUIET TITLE

(Judge          )

3: CV    01-0294

CIVIL ACTION NO. 2001-CV-____

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA:

Petitioners, Defendants above, LORI DRING and NANCY ASARO
(hereinafter "Petitioners"), through their counsel, Rosenn, Jenkins & Greenwald,
L.L.P., hereby file this Notice of Removal pursuant to 28 U.S.C. §1441, et seq., and,
in support thereof, aver as follows:

298270.1

1.      This action was commenced by a Complaint in Quiet Title filed on May

17, 1999, by the Plaintiff, ARIEL LAND OWNERS, Inc., a for-profit corporation,

(hereinafter "Respondent"), against Defendants, Petitioners herein, in the Court of

Common Pleas of Wayne County, Pennsylvania, alleging a cause of action pursuant

to Pennsylvania Rule of Civil Procedure 1061(b)(1) seeking an order from the Court

compelling Defendants to commence an action in ejectment.  (Plaintiff's Complaint

is attached hereto as Exhibit "A").  That civil action at law was docketed to Civil No.

188-C-1999.

2.      Plaintiff is a for-profit corporation incorporated under the laws of

Pennsylvania with its principal place of business in Lake Ariel, Pennsylvania.

3.      Defendant Dring is a citizen of the State of New Jersey, residing at 29

Sleepy Hollow Drive, Oak Ridge, New Jersey, 07438.

4.      Defendant Asaro is a citizen of the State of New Jersey, residing at 28

Trenton Terrace, Wayne, New Jersey, 07470.

5.      The amount in controversy in Plaintiff's Complaint docketed at Civil No.

188-C-1999 filed in the Court of Common Pleas of Wayne County exceeded

$75,000.00.

6.      The action docketed at Civil No. 188-C-1999 in the Court of Common

Pleas of Wayne County was removable at the time it was filed pursuant to 28 U.S.C.

§ 1332 in that diversity of citizenship between Plaintiff and Defendants existed and

the amount in controversy exceeded $75,000.00.

7.      Defendants filed an Answer and New Matter to Plaintiff's Complaint on or about September 24, 1999. (Defendants' Answer and New Matter is attached hereto as Exhibit "B").

8.      In August of 2000, Plaintiff filed a Motion or Leave to Amend the Complaint in Quiet Title to add two new causes of action under the Pennsylvania Rules of Civil Procedure, specifically, 1061(b)(2) and 1061(b)(3). (Motion for Leave to Amend is attached hereto as Exhibit "C").

9.      Defendants opposed Plaintiff's Motion for Leave to Amend the Complaint by filing a Reply on October 4, 2000. (Defendants' Reply is attached hereto as Exhibit "D").

10.     After oral argument on January 26, 2001, the Court granted Plaintiff's Motion for Leave to Amend the Complaint on January 26, 2001, which was docketed on January 29, 2001. (Order of Judge Thompson granting Motion for Leave to Amend is attached hereto as Exhibit "E").

11.     Plaintiff filed an amended complaint on February 12, 2001. (Plaintiff's Amended Complaint is attached hereto as Exhibit "F").

12.     Plaintiff's Amended Complaint adds two wholly new causes of action which were not alleged in the Complaint filed in the Court of Common Pleas of Wayne County on May 17, 1999, and docketed at Civil No. 188-C-1999. Those causes of action seek an order to invalidate the "Corrective Deed" of Defendants pursuant to Pennsylvania Rule of Civil Procedure 1061(b)(2), and further seek an

order canceling the "Corrective Deed" of Defendants as well as an order compelling Defendants to admit the invalidity of the "Corrective Deed" pursuant to Pennsylvania Rule of Civil Procedure 1061(b)(3). These new causes of action filed under Pennsylvania Rules of Civil Procedure 1061(b)(2) and 1061(b)(3) are altogether distinct from the action filed under Rule 1061(b)(1).

13.    The amount in controversy in the Amended Complaint exceeds $75,000.00.

14.    The Amended Complaint is therefore removable pursuant to 28 U.S.C. § 1441, *et seq.*

15.    The above-described action is a civil action over which this Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332, and is one that may be removed to this Court by the Petitioners, Defendants therein, pursuant to the provisions of 28 U.S.C. §1441, *et seq.*, in that the parties to the action are citizens of different states and the amount in controversy exceeds $75,000.00.

16.    This Notice of Appeal is timely as it was filed within thirty (30) days of February 12, 2001, the date on which the Plaintiff filed its Amended Complaint with the Court of Common Pleas of Wayne County.

WHEREFORE, Petitioners pray that the above action now pending against them in the Court of Common Pleas of Wayne County, Pennsylvania be removed therefrom to the United States District Court for the Middle District of Pennsylvania.

Respectfully Submitted,

ROSENN, JENKINS & GREENWALD, L.L.P.

Donald H. Brobst, Esquire
Atty. I.D. No. 17833
Garry S. Taroli, Esquire
Atty. I.D. No. 30159
Jennifer Walsh Clark, Esquire
Atty. I.D. No. 82294
15 South Franklin Street
Wilkes-Barre, PA 18711
(570) 826-5600
Attorneys for Petitioners DRING and ASARO

ARIEL LAND OWNERS, Inc.,

                          Plaintiffs,

      v.

LORI DRING and NANCY ASARO,

                         Defendants.

IN THE COURT OF COMMON
PLEAS OF WAYNE COUNTY

CIVIL ACTION - LAW
ACTION TO QUIET TITLE

CIVIL ACTION NO. 188-C-1999

## NOTICE OF FILING OF REMOVAL

KINDLY TAKE NOTICE and file the attached file stamped copy of the Notice of Removal of Defendants, LORI DRING and NANCY ASARO, of the above-captioned action to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §1441, *et seq.*, which was filed with the Clerk of the District Court on February 15, 2001.

ROSENN, JENKINS & GREENWALD, L.L.P.

Donald H. Brobst, Esquire
Atty. I.D. No. 17833
Garry S. Taroli, Esquire
Atty. I.D. No. 30159
Jennifer Walsh Clark, Esquire
Atty. I.D. No. 82294
15 South Franklin Street
Wilkes-Barre, PA 18711
(570) 826-5600
Attorneys for Petitioners DRING and ASARO

ROSENN, JENKINS & GREENWALD, L.L.P.
Donald H. Brobst, Esquire
Atty. I.D. No. 17833
Garry S. Taroli, Esquire
Atty. I.D. No. 30159
Jennifer Walsh Clark, Esquire
Atty. I.D. No. 82294
15 South Franklin Street
Wilkes-Barre, PA   18711
(570) 826-5600
Attorneys for Petitioners/Defendants

## IN THE UNITED STATES COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARIEL LAND OWNERS, Inc., | CIVIL ACTION AT LAW TO QUIET TITLE |
| Plaintiffs, | |
| v. | (Judge          ) |
| LORI DRING and NANCY ASARO, | CIVIL ACTION NO. 2001-CV- ____ |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, JENNIFER WALSH CLARK, ESQUIRE, do hereby certify that on February 15, 2001, I forwarded a true and correct copy of DEFENDANTS' NOTICE OF REMOVAL to the following counsel of record, by First-Class Mail, postage prepaid, as follows:

Michael Lehutsky, Esquire
921 Main Street
Honesdale, PA    18431

298270.1

ROSENN, JENKINS & GREENWALD, L.L.P.

_____

Donald H. Brobst, Esquire
Atty. I.D. No. 17833
Garry S. Taroli, Esquire
Atty. I.D. No. 30159
Jennifer Walsh Clark, Esquire
Atty. I.D. No. 82294
15 South Franklin Street
Wilkes-Barre, PA 18711
(570) 826-5600
Attorneys for Petitioners DRING and ASARO



## In The Court Of Common Pleas of the 22nd Judicial District
### Commonwealth of Pennsylvania
### County Of Wayne

| | | |
|---|---|---|
| ARIEL LAND OWNERS, INC., | : | CIVIL ACTION |
| PLAINTIFF | : | ACTION TO QUIET TITLE |
| VS. | : | |
| LORI DRING AND NANCY ASARO, | : | NO. *188- C-1999* |
| DEFENDANTS | : | |

## NOTICE TO DEFEND

**TO THE WITHIN NAMED PLAINTIFFS(S):**

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the defendant(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

NORTHERN PA LEGAL SERVICES, INC.
WAYNE COUNTY COURT HOUSE
COURT STREET
HONESDALE, PENNSYLVANIA
(717) 253-1031

MICHAEL P. LEHUTSKY, ESQ.
**Attorney for Plaintiff**

CERTIFIED FROM
THE RECORD

MAY 1 7 1999

PROTHONOTARY & CLERK

𝕴𝔫 𝕿𝔥𝔢 𝕮𝔬𝔲𝔯𝔱 𝔒𝔣 𝕮𝔬𝔪𝔪𝔬𝔫 𝔓𝔩𝔢𝔞𝔰 𝔬𝔣 𝔱𝔥𝔢 22𝔫𝔡 𝕵𝔲𝔡𝔦𝔠𝔦𝔞𝔩 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱
𝕮𝔬𝔪𝔪𝔬𝔫𝔴𝔢𝔞𝔩𝔱𝔥 𝔬𝔣 𝔓𝔢𝔫𝔫𝔰𝔶𝔩𝔟𝔞𝔫𝔦𝔞
𝕮𝔬𝔲𝔫𝔱𝔶 𝔒𝔣 𝔚𝔞𝔶𝔫𝔢

| | | |
|---|---|---|
| ARIEL LAND OWNERS, INC., | : | CIVIL ACTION |
| PLAINTIFF | : | ACTION TO QUIET TITLE |
| VS. | : | |
| LORI DRING AND NANCY ASARO, | : | NO. |
| DEFENDANTS | : | |

## COMPLAINT IN QUIET TITLE

AND NOW COMES, Plaintiff, Ariel Land Owners, Inc., by and through its attorney, Michael P. Lehutsky, Esq. and makes the following Complaint is quiet title averring in support thereof as follows:

1. The Plaintiff is Ariel Land Owners, Inc., a Pennsylvania corporation maintaining an address within this Commonwealth at P.O. Box 503, Lake Ariel, PA 18436

2. Defendant, Lori Dring, is an adult individual residing at 29 Sleepy Hollow Drive, Oak Ridge, New Jersey 07438.

3. Defendant, Nancy Asaro, is an adult individual residing at 28 Trenton Terrace, Wayne, New Jersey 07470.

4. Pursuant to a certain deed from A.J. Schrader, et al. recorded in Wayne County Deed Book 221 at page 292, the Plaintiff is the owner of various real property situate in Lake Township, Wayne County, PA, including but not limited to, that certain body of water commonly known as Lake Ariel and Mud Pond. A true and correct copy of said deed is attached hereto as EXHIBIT A and is incorporated herein by reference as if fully set forth at length.

5. Pursuant to EXHIBIT A the Plaintiff is in actual possession of and has exercised dominion and control over the entire body of water commonly known as Lake Ariel and Mud Pond from a high-water mark of at or about 1,425.9 feet above sea level to any lower elevation.

6. On or about September 13, 1996, the Defendants became owners of a parcel of property adjoining that of the Plaintiff and being more particularly described in the deed from Robert M. Swingle et ux., et al. recorded in Wayne County Record Book 1176 at Page 197. A true and correct copy of said deed is attached hereto as EXHIBIT B and is incorporated herein by reference.

7. On or about August 25, 1998, the Defendants obtained a "Corrective Deed" from Robert M. Swingle, et ux., et al. which purports to convey title to lands lying between the prior grant of September 13, 1996 and the "historic margin of said bodies of water known as Marsh Pond (now Mud Pond) and Jones Pond (now Lake Ariel) and the channel or stream connecting them." Said corrective deed is recorded in Wayne County Record Book 1418 at Page 139. A true and correct copy of said "Corrective Deed" is attached hereto as EXHIBIT C and is incorporated herein by reference.

8. As part of a verified petition to intervene filed on September 29, 1998, in prior consolidated litigation involving the Plaintiff and other individuals, the Defendants alleged ownership of a portion of the property possessed and owned by the Plaintiff pursuant to Exhibit C. Said area purportedly consisted of premises situate between the so-called "historic margin" of the bodies of water in issue and the high-water mark of 1,425.9 feet.

9. The location of the so-called "historic margin" of the bodies of water in question has not been specified or defined by the Defendants.

10. Despite the lack of particularity in Exhibit C, the Plaintiff is in actual possession of and asserts title to, the bodies of water in question from a high-water elevation of at or about 1,425.9 feet above sea level to any lower point.

11.  As a result of the ambiguity in the term "historic margin" as used by the Defendants, the Plaintiff is unable to fully ascertain the extent to which the Defendants dispute the Plaintiff's ownership and possession of the bodies of water in question from the high-water elevation of at or about 1,425.9 feet above sea level to any lower point.

12.  As a result of the ambiguous nature of the Defendants' claims it is appropriate for the court to issue an order pursuant to Pa. R.C.P. No. 1061(b)(1) compelling the Defendants to appropriately define and set forth the extent to which their claims challenge the ownership and possession of the Plaintiff by means of commencing an action of ejectment.

WHEREFORE, the Plaintiff, Ariel Land Owners, Inc., respectfully requests that this Honorable Court issue an order directing the Defendants, Lori Dring and Nancy Asaro, to file an action of ejectment challenging the Plaintiff's ownership and possession of Lake Ariel, Mud Pond and any purported channel, stream or other body of water connecting the two from the high-water elevation of at or about 1,425.9 feet above sea level to any lower elevation within thirty days or  be forever barred from contesting the Plaintiff's ownership and possession thereafter.

Respectfully submitted,

MICHAEL P. LEHUTSKY, ESQ.
ATTORNEY FOR THE PLAINTIFF

The Following is Exhibit A

AND the said Grante   hereby specially warrant the property hereby conveyed.

IN WITNESS WHEREOF,   d   tors have hereunto   set their hand;   , the day and year first above written.

SIGNED, SEALED AND DELIVERED

IN THE PRESENCE OF

Macy J.   Wacks,                                    Rudy Koelsch                   (L.S.)

                                                    Katherine Koelsch               IL.S.)

COMMONWEALTH OF PENNSYLVANIA :
                                   SS
COUNTY OF LUZERNE..             :

On this, the 4th. day of September, 1963,  before me, a Notary Public, the under-signed Officer, personally appeared Rudy Koelsch, and Katherine Koelsch, his wife known to me (or satisfactorily proven)  to be the persons whose names are subscribed to the within instrument, and acknowledged that, they executed the same for the purpose therein contained.

IN WITNESS WHEREOF, I Have hereunto set my hand and Notarial seal.

                                    Macy J. Wacks                   )SEAL)
                                    Pittston, Pa. Notary Public,
                                    Comm. xps. Mar.6,1965  (

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed book 221, page 291. Witness my hand and seal this 5th. day of June, A.D.1964, at 12:24 P.M.

                                    L. Byron Davis, Recorder, (SEAL)

A. J. SCHRADER, UX. AL.                 THIS INDENTURE Made the 20 day of

        TO                              April, 1964,  between  A. J. SCHRADER

ARIEL LAND OWNERS INCORPORATED.         and  FLORENCE SCHRADER, his wife, of

                                        Roaring Brook Township, Lackawanna

                                        County, Pennsylvania, and  GEORGE W. HUSS,

and  ELIZABETH HUSS, his wife, of Ringtown, Schuylkill County, Pennsylvania, hereinafter called the "Grantors" and ARIEL LAND OWNERS INCORPORATED a Pennsylvania corporation, having its principal place of business at Lake Ariel, Pennsylvania, hereinafter called the "Grantee"

WITNESSETH, That the Grantor for and in consideration of the sum of Eighty-two Thousand ($82,000). Dollars, lawful money of the United States of America, well and truly paid by the Grantee at and before the ensealing, and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, enfeoffed,

..........., convey......... and ............, ................................, ......, ....., ......
enfeoff, rele.......... ........ and confirm  unto the said Grantee, its ....essors and Assigns.

FIRST PARCEL:  .  those certain pieces or parcels of land, and  land covered
with water, situate in the Township of Lake, County of Wayne, and State of Pennsylvania
numbered hereinafter as from November 1, to 10;  inclusive and separately and specifically
described  as follows:

No. 1. All of a certain parcel of land and of land covered with water, known originally
as "Jones Pond"  and "Marsh Pond"  and in recent years as "Lake Ariel"  The Boundary
thereof following the shore line of said lake as said shore line is defined in the several
deeds conveying  lands bordering on said Lake, from the common owners of said Lake; and
of land surrounding it. The body of water in said pond or Lake covering  approximately
three hundred  (300)  acres of land and including an island in said Lake near the
Southerly shore thereof, known as "Dunman's Island".  Being parts:

(a)  of three original surveys or warrants in the names of George Wicker, Jr. Moses
Gibson  and Israel or Isaac Shaw, respectively, which the Commonwealth by patents dated
the 27th.  and 13th. of June, 1815,  and enrolled in Patent Book H. Vol. 12, Page 98
108,  and 166 confirmed to

(b)  Edward Tilghman, and which the said Edward Tilghman, by his last will and
testament, dated November 19, 1814,  and filed in the office of the Register of Wills for
the City  and County of Philadelphia, devised to his wife, Elizabeth Tilghman, by deed
dated October 18, 1828,  and recorded in Wayne County in Deed Book No. 6, page 160,
granted and conveyed to

(c)  Thomas Cadwalader and which the said Thomas Cadwalader by his last will and
Testament, dated February 12, 1835,  republished November 16, 1837,  and recorded in the
Office of the Register of Wills for the City and County of Philadelphia, devised to his
wife, Mary Cadwalader, and a part of which, including the first parcel of land conveyed by
this Indenture.

(d)  George Cadwalader, executor of the last Will and Testament of Mary Cadwalader,
by deed bearing date April 29, 1872 and recorded  in Wayne County in Deed Book No. 44,
page 372,  granted and conveyed by virtue of a power granted to him in said Will, to

(e)  John Torrey, and which the said John Torrey, by deed dated December 12, 1877, and
recorded in Wayne County in Deed Book No. 51,  page 562,  granted and conveyed to

(f)  Simon Swingle, and which the said Simon Swingle, at al,  by  deed dated July
15, 1867,  and recorded in Deed Book No. 64, page 360,  granted and conveyed to

(g)  Charles E. Mills, and which the said Charles E. Mills, et ux., by deed dated
April 8, 1866  and recorded in Deed Book No. 80, page 25, H granted and conveyed to

(h)  Charles H. Schadt  and P. J. Moran. Any portion of said body of water, if any,
not included in  the said deed from John Torrey to Simon Swingle,  is included in the
deed from Delinda Jones,  et al., to Simon Swingle, and set forth in No  2 of this Indenture.

No. 2:  ALL  that certain lot or parcel of land and  of land conveyed with water,
bounded and described as follows:

BEGINNING  at a stake and stones on the east side of the so-called Jones Pond.
about one hundred (100) feet from the west line of land conveyed by Elizabeth Tilghman to
Asa Jones by deed dated June 3, 1820,  and recorded in the office for recording  deed,
etc,.  in and for the County of Wayne in Deed Book No. 8, page 111 and 112;  . thence
south sixty-one (61) degrees twelve (12) minutes east thirty-five (35) feet to a rock for
a corner;  thence south eighteen (18) degrees thirty-five (35) minutes east five hundred
and sixteen (516)  feet to a stake and stones corner;  thence south sixty-three (63) deg-
rees ten (10) minutes west, one hundred eighty-four  and one-half (184½) feet to a stake
and stones corner in the line of land of H. M. Polley's Estate;  thence along the
line of said Polley's land north eighty-nine (89) degrees thirty (30) minutes west six

hundred and fifty (350) feet to a corner in the margin of said lands of Charles E. Mills aforesaid; thence in a Northwesterly direction of lands of said Charles E. Mills, following the margin of the pond, its several courses and distances, around "Outlet Pond" to a point at the outlet in the line first above described from Elizabeth Tilghman to Asa Jones; thence along the said line, North thirty (30) minutes east six hundred and thirty-one (631) feet to the margin of the pond at high watermark and thence in a southeasterly direction along the shore of the pond at high water mark its several courses and distances, about three hundred and fifty (350) feet more or less to the place of BEGINNING. CONTAINING thirteen and one-half (13½) acres be the same more or less. Being the same land which;

(a) Delinda Jones, widow of Joel Jones, and Byron Jones, and Lucy Jones, his wife and Reuben P. Jones, and Abigail, his wife, the said Byron and Reuben P. Jones, being sons and heirs at law of the said Joel Jones, deceased, by their deed dated Nov. 29 1883, and recorded in Wayne County in Deed Book No. 63, page 572, etc. granted and conveyed to

(b) Simon Swingle, and which the said Simon Swingle, et al., by deed dated July, 15, 1887, and recorded in Wayne County in Deed Book No. 64, page 360, granted and conveyed to

(c) Charles E. Mills, together with the right, title, and interest granted to Simon Swingle, by the said Delinda Jones, Byron Jones, and Reuben P. Jones, under ther conveyance, and granted by the said Simon Swingle, et al., to the said Charles E. Mills, in and to any and all land owned by the said Charles E. Mills, in and to any and all land owned by the said Delinda Jones, Byron Jones, and Reuben P. Jones, or any of them, on either side of said pond between High water mark of the pond and the pond at any lower mark; together with also a private right of way as granted by the conveyance aforesaid, over lands of the said Delinda Jones, Byron Jones, and Reuben P. Jones, or any of them, from the main road past the barn of Reuben P. Jones, to the old saw mill, as the said land or way is now fenced, keeping closed all gates and bars that the said Delinda Jones, Byron Jones, or Reuben P. Jones, may erect and maintain across said land for their convenience. The second parcel of land and its appurtenances as conveyed by this Indenture, to be subject to all the conditions and provisions stated and mentioned in the said Indenture from Delinda Jones, Byron Jones, and wife, and Reuben P. Jones and wife, to Simon Swingle, and from the said Simon Swingle, et al., to the said Charles E. Mills.

No. 3. Also all that other certain piece or parcel of land bounded and described as follows: BEGINNING at a point in the line of lands of Richard Snyder on the margin of Jones Pond at low water mark; thence along the shore line of said Jones Pond at low water mark following the various windings and turnings in a general north-easterly direction, about ninety-five (95) rods to a line of land purchased by the said Charles E. Mills, from Simon Swingle, and S. L. Carr; thence along said line south eighty-nine and one-half (89½) degrees east fifty (50) feet to a corner; thence in a line parallel with the said shore line of the said Jones Pond and fifty (50) feet therefrom, about ninety-five (95) rods in a general southwesterly direction to the aforesaid line of land of Richard Snyder; thence along Snyder's line north twenty-eight and one-quarter (28¼) degrees west fifty (50) feet to the place of beginning. CONTAINING about one (1) acre and one hundred and twenty-seven (127) perches of land. It being a part of a larger tract which the heirs of Horace M. Polley and Lucy Ann Polley by their deed dated April 1, 1884, and recorded in Deed Book No. 60, page 184, granted and conveyed to

(a) Orian L. Polley, and which the said Orian L. Polley by deed dated December 31, 1887, and recorded in Wayne County in Deed Book No. 63, page 348, etc. granted and conveyed to

(b)   Ch   E. Mills.  The deed of the above premises fro   an L. Polley, to the
said Charles   ll   containing the following clauses:  The      t and meaning
of this conveyance is that it shall convey to the said Charles E. Mills, a strip of land
fifty (50) feet in width, lying along the shore of Jones Ponds  bounded as the westerly
extremity by lands of Richard Snyder, and at the easterly extremity of lands already
owned by the said Charles E. Mills.

No. 4.  ALL that other certain lot or parcel of land bounded and described as
follows:

BEGINNING at a corner, in the easterly margin of Lake Ariel;  thence along line
of lands included in this description conveyed by Ebenezer R. Jones, to John W. Sandercoock
by deed dated September 21, 1874, deed book No. 49, page 208, north forty-three
and one-fourth (43¼) degrees east, forty (40) rods to a corner;  thence by lands formerly
of Ebenezer R. Jones, now of Harry Simpson, south seventeen and one-half (17½) degrees
east twenty (20) rods to a corner;  thence still by lands of Harry Simpson, north forty
(40) degrees east fifty-two (52) rods to a corner;  thence along lands formerly of
Washington Hoel, south thirty and one-half (30½) degrees east seventy-nine and three-
fourths (79-3/4) rods to a corner;  thence along line of lands formerly of Reuben P.
Jones now of Homer Jones, south eighty-five (85) degrees West thirty-two (32) rods to a
stake corner;  thence still along Jones' land south forty-five (45) degrees west forty-
seven and one-half (47½) rods to the northeasterly corner of a lot of land conveyed
by Reuben P. Jones and wife, and Belinda Jones to

(a). Charles E. Mills,  by deed of November 1, 1888. Deed Book No. 66, page
323,  and included in this description;  thence by said lot south nineteen(19) degrees
and twelve (12) minutes east forty-nine (49) feet to a stake and stones corner;
thence south thirty-nine (39) degrees East sixty (60) feet to a stake and stones corner.
thence south fifty-six (56) degrees west two hundred (200) feet to the easterly margin
of Lake Ariel;  and thence along the easterly margin thereof by its various windings
and turnings about seventy and eight-tenths (70.8) rods to the place of Beginning.
CONTAINING approximately thirty-six (36) acres and sixty-six (66) perches of land,
Excepting and Reserving however, from said parcel of land, four (4) separate lots which
have hereto been sold and conveyed as follows:

FIRST:  A certain triangular shaped lot of land lying along the northerly boundary
of the lot hereby conveyed, and described as follows:  - BEGINNING at the northwesterly
corner of a lot of land leased to B. R. Throop;  thence along the line of the Throop
lot, north seventy (70) degrees and forty - eight (48) minutes east one hundred seventy
(170) feet to a corner; - thence north nineteen (19) degrees and twelve (12) minutes
west eighty-four (84) feet to a corner;  thence along the northerly boundary line afore-
said by lands now of Harry Simpson, - south forty-three and one-fourth (43¼) degrees west
one hundred ninety and one-half (190½) feet to the place of BEGINNING.  CONTAINING approx
imately seven thousand one hundred and forty (7,140) square feet of land. Being the same
lot which Charles E. Mills and wife, by deed dated May, 1890,  and recorded in Deed Book.
No. 74,  page 293, etc.  granted and conveyed to John Simpson.

SECOND:  A certain triangular shaped lot of land lying along said northern boundary
bounded and described as follows:- BEGINNING at a point in said boundary line twenty-
five (25) feet northeasterly from the middle of the public road leading from Lake Ariel
to Polley's Mills; thence along line of land leased B. H. Throop, north sixty-five
and one-fourth (65¼) degrees east two hundred (200) feet to a stake and stones corner;
thence still by said Throop's land;  thirty and one-fourth (30¼) degrees west eighty
(80) feet to a corner in said boundary line;  thence by said boundary line, south
forty-three and one-quarter (43¼) degrees west two hundred and fifteen (215) feet to the

place of BEGINNING,   CONTAINING seven thousand nine hundred and sixty   ~~~~~ (7,963) feet
of land. Being the ~~~~~~~~~ of which Charle E. Mills and wife—(Join ~~~~~ E. P. Jones
and wife) conveyed to the Sue Pear Pilley by deed dated July 8, 1894, and recorded in the
Deed Book No. 79, page 363.

THIRD.  A Certain other lot of land included within the boundaries of the lot hereby
conveyed, bounded and described as follows:  BEGINNING  at the Northwesterly corner of a
lot of land  leased to B. H. Throop,  Trustee, formerly the Hotel Pines Lot, fifty (50)
feet from the  easterly margin of Lake Ariel;  thence by the line of said lot, north
seventy-two (72)  degrees east two hundred and thirty and nine-tenths (230.9) feet to the
westerly margin of a public road  and leading from Lake Ariel, to Salem;  thence along
the margin of said road, north fifteen (15)  degrees and eighteen (18) minutes west, one
hundred and thirty-seven and one-half (137½)  feet to the southeasterly corner of a lot
leased to John F. Scragg;  thence by the line of the said Scragg's lot, south seventy-two
(72)  degrees west two hundred and thirty and nine-tenths (230.9) feet to a corner fifty
(50) feet distant from the easterly margin of Lake Ariel;  and thence keeping fifty (50)
feet from said margin south fifteen (15)  degrees and eighteen (18) minutes East one hun-
dred and thirty-seven  and one-half (137½) feet to the place of BEGINNING. CONTAINING
thirty-one thousand six hundred and fifty-eight (31,658) square feet of land, be the same
more or less. Said lot of land being conveyed by Flora M. Schadt, Executrix, to Katherine
B. Schadt, by two separate deeds,  the first of which is dated May 29, 1917, and recorded
in Deed Book No. 109, page 574,  and the second of which, covering also the land,
conveyed in the first deed, is dated August 31, 1921, and recorded in Deed Book No. 117
page 93, etc.

FOURTH:  A certain other lot of land included within the boundaries of a lot hereby
conveyed, bounded and described as follows:  BEGINNING  at a corner in the easterly
margin og a public road leading from Lake Ariel to the outlet of Lake Ariel, at the
southwesterly corner of a lot of land leased to Margaret C. Throop;  thence along the
easterly margin of said road, south nineteen (19)  degrees and twenty-seven (27) minutes
east, three hundred eighty-eight  and eight-tenths (388.8) feet to a corner;  thence by
land herein conveyed, north sixty-nine (69) degrees and twenty-one (21)  minutes east
three hundred and twenty-seven and five-tenths (327.5) feet to a corner;  thence by
land hereby conveyed, north nineteen (19),  degrees and three (3) minutes west four hundred
and thirty-six and three tenths (436.3) feet to corner;  thence by lands of E. P. Jones
(Now Harry Simpson) south fifty-five (55)  degrees and forty-seven (47) minutes West
seventy-four (74) feet to a corner of the said lands leased to Margaret C. Throop; and
thence by said lands,  south  sixty-three (63) degrees and thirteen (13) minutes West,
two hundred and fifty-seven and five tenths (257.5) feet to the place of beginning,
containing three (3) acres of land, be the same more or less. The said lot of land
having been conveyed by Flora M. Schadt, Executrix to Katherine B. Schadt, by two
separate deeds, the first one dated August 30, 1921, and recorded in Deed Book No. 117,
page 93, and the second one dated August 3, 1922, and recorded in Deed Book No. 118,
page 397,  The said parcel of land described in No. 4, of this conveyance having been
conveyed to Charles E. Mills, by four separate deeds as follows:

FIRST:  Deed from Washington Hoel to Simon Swingle, for six (6)  acres and thirty-
eight (38) perches, dated September 8, 1880,  and recorded in Deed Book No. 53, page 578,
etc.,  and from  the said Simon Swingle  to Charles E. Mills  by deed dated July 15,
1887;  and recorded in Deed Book  No. 64, page 360, etc,

SECOND:  Deed from  John W. Sandercock to Simon Swingle, dated March 8, 1881,
and recorded in Deed Book No. 53 page 577,  and from the said Simon Swingle, to Charles
E. Mills, by deed dated July 15, 1887, and recorded in Deed Book No. 64, page 369, etc.

This deed can .... .ith it running with the land " a certain rig ..... leading through.
lands of Eben ..... R. .es (Now Harry S. Simpson) from the lot XXXX, to the Township
leading to the Cherry Ridge and East Sterling Turnpike. With the provisions that the said
private passage shall not be fenced, but that a suitable gate or bars shall be maintained
at the point where it meets the said township road. This right of way having been originall
granted, in the deed from Ebenezer R. Jones to the said John V. Sandercock.

THIRD: Deed from Washington Hoel to Charles E. Mills dated August 20, 1887
and recorded in Deed Book No. 65, page 113, etc., . This deed contains the following
covenant: - "It is agreed by and between the aforesaid parties, their heirs and assigns
that each shall build one-half of a line fence on the line between lands of the aforesaid
parties."

FOURTH: Deed from Reuben P. Jones, and wife, and Delinda Jones to Charles E.
Mills, dated Nov. 1, 1888, and recorded in Deed Book No. 66, page 323, etc. This
deed contains a covenant to the effect that Charles E. Mills, his heirs and assigns,
shall erect and maintain at their own expense, all of the line fence between the lot
conveyed and other land of the Grantors, and shall be liable for all damages that may
accrue by reason of neglect to build and maintain such fence.

No. 5; ALL that certain lot or parcel of land situated in the Village of Ariel,
bounded and described as follows: viz. BEGINNING at the northeast corner of Lake
Avenue and Maple Avenue in said village of Ariel; thence along said Lake Avenue north
sixty (60) degrees and thirty (30) minutes east two hundred and forty-three (243)
feet to a corner; thence North twenty-nine (29) degrees and thirty (30) minutes West
one hundred and eighty (180) feet to a corner; thence along line between lots
numbered twelve (12) and fourteen (14) south sixty (60) degrees and thirty (30) minutes
west, two hundred forty-three (243) feet to easterly side of Maple Avenue; thence along
said Maple Avenue, south twenty-nine (29) degrees and thirty (30) minutes east one hun-
dred and eighty (180) feet to the place of BEGINNING. CONTAINING one (1) acre and
one hundred and eighty (180) square feet of land. Being lots numbered fourteen (14)
sixteen (16) and eighteen (18) on Lake Avenue, and one and three one Greene Street
together with lots in their rear, as by reference to Village Map of Lake Ariel, will more
fully appear. Being what is known as the Lake House Lot, And being a portion of the same
lot of land which George Cadwalader, acting executor of Mary Cadwalader, deceased, con-
veyed to Dwight Mills by deed dated June 3, 1853. and recorded in Wayne County in Deed
Book No. 23, page 13, etc., and which the said Dwight Mills by deed dated April 19, 1877
and recorded in Wayne County in Deed Book No. 49, page 329, etc. granted and conveyed
to Simon Swingle afores aid, and which the said Simon Swingle, et al. by their deed dated
July 15, 1887, and recorded in Wayne County in Deed Book No. 64, page 360, etc. granted
and conveyed to Charles E. Mills.

No. 6: Also one other certain piece or parcel of land situate in the Lake Township
aforesaid which Richard H. Simons and Byron E. Jones, Guardians of the Minor Children
of William Jones' of Salem Township, deceased, by virtue of a decree of the Orphans'
Court of Wayne County made October 15, 1887, did by their deed dated December 5, 1887
and recorded in Wayne County in Deed Book No. 65, page 114, etc., granted and conveyed
to Charles E. Mills aforesaid, said parcel of land being described as follows:

Beginning at a stone corner on the western margin of Jones Pond; thence by land
of Edward '. Weston (the grantor to William Jones) north fifty (50) degrees west, two
hundred six and one-half (206½) rods to stones corner in the southwestern line
of lands contracted to D. and H. Trasier; thence by land and land of Dwight Mills
north forty (40) degrees east one hundred nineteen and one-half (119½) rods to a stones
corner; thence by land of said Dwight Mills east eighteen and eight-tenths (18.8) rods
to a yellow birch tree corner on margin of Jones Pond; thence southward by high water

mark along the margin   said pond two hundred and fifty (250) rods   thereabouts to the

place of BEGINNING.   CON   ING one (100) acres be the same more or   rosing parts

of lots numbered two hundred and sixty-one (261) and two hundred and sixty-four (264)

in the allotment of   Wilson and as recorded in Deed Book No. 28, page 92. Excepting

and Reserving nevertheless, out of the above parcel of land, a certain lot of land known

as the Hotel Columbia property, which is bounded and described as follows: Beginning at a

corner in the center of the public road leading from Lake Ariel, to Hamlin; thence north

sixty-eight (68) degrees west two hundred and ninety-five and one-half (295½) feet to

a corner; thence north fifteen (15) degrees east three hundred an thirty-eight and nine-

tenths (338.9) feet to a corner; thence south seventy- six (76) degrees east two hundred

and ninety-five and one-half (295½) feet to a corner in the middle of the road; thence

by the middle of said road, south fifteen (15) degrees west three hundred and thirty-eight

and nine-tenths (338.9) feet to the place of Beginning. Containing two and three-(2.3)

acres, be the same more or less. Together with the right of bathing in Lake Ariel, and the

right to maintain a pump at the shore of said Lake and convey water by sub-surface pipes

from the said lake to the said Hotel Columbia property, as said rights are fully set forth

in deed of said property from Flora M. Schadt, Executrix, to Thomas K. Fadden, dated

June 30, 1922, and recorded in Deed Book No. 118, page 140. Excepting and reserving also

another certain parcel of land bounded and described as follows:

BEGINNING   on the line between what is known as Byron Jones property and the

William Jones property at a distance of twelve hundred and twenty-three and nine-tenths (

1,223.9) feet from the southwesterly corner of the William Jones lot (being the lot here-

by conveyed); thence south seventy-seven (77)   degrees and forty-four (44) minutes

east two hundred and eight and eight-tenths (208.8) feet to a corner;   thence south

eighty-three (83) degrees and seventy (70) minutes east sixty-three and two tenths (63.2)

feet to a corner; thence south nineteen (19) degrees and thirty-nine (39) minutes each

two hundred and fifteen and six-tenths (215.6) feet to a corner;   thence south twenty

(20) degrees east ninety-eight and three-tenths (98.3) feet to a corner, and thence along

the line between the William Jones and Byron Jones lots, north forty-four (44) degrees

west about four hundred and ninety (490) feet to the place of Beginning. Containing

approximately eight-tenths (8/10) of an acre, and including a portion of a small

pond. Being a portion of a larger tract of land which Flora M. Schadt, Executrix, by

deed dated April 29, 1920, and recorded in Deed Book No. 113, page 937. Granted and

conveyed to

(a) Rose E. Williams. The parcel of land conveyed by this indenture being the

same parcel of land which Richard H. Simons, and Byron E. Jones, Guardians of the minor

children, of William Jones, deceased by virtue of a decree of the Orphan's court of

Wayne County Made October 15, 1887, and recorded in Deed Book No. 65, page 114, etc.

granted and conveyed to Charles E. Mills.

No. 7. Also all that other certain lot or parcel of land situate in the Township of

Lake, Bounded and described as follows: Being a triangular piece or parcel of land and

bounded on the easterly side, along the line of lands of John Bigart, and on the west

side by lands conveyed by deed to said Charles E. Mills, to Jones Lake, R.R. Company

for right of way, and on the Northerly side of lands of the Pennsylvania Coal Company,

and containing one (1) acre and ninety-nine hundredths (1.99) acres be the same more or less.

Excepting and reserving therefrom all the timber and lumber to Christopher W. Miller,

with the privilege and right to enter upon the said premises and convey the same away.

Excepting and reserving Also from said lot a right of way for railroad purposes

granted by the said Charles E. Mills to the Jones Lake R.R. Company, by deed bearing

date   September 12, 1887, and recorded in Wayne County in Deed Book No. 65, page 210.

by deed from R    t Price to Christopher Miller, dated March 28, 1872,  and recorded
in Deed Bo        page 100, etc. as by reference to the        n Wayne County will
more fully    ear.  And being the same lot or parcel of la    which the said' Christopher
Miller and wife by deed bearing date February 17,1888,  and recorded in Wayne County Deed
Book No. 68, page 389, granted and conveyed to the    etc.

(a)  Said Charles E. Mills, All and every the pieces or parcels of land hereinabove
described, excepting  such pieces or  parcels as are hereinabove excepted and reser-
ved were conveyed by Charles E. Mills and Allie B. Mills, his wife, to

(b)   Charles H. Schadt  and P. J. Horan by deed dated April 8,1896,  and recorded i
Wayne County in Deed Book No. 89, Page 25.

NO. 8:  ALL   that certain lot of land situate in the said Township of Lake,
bounded and  described as follows:  BEGINNING   at a corner which was formerly a post
under the trestle  work of the Pennsylvania Coal Company's light track railroad;  thence
crossing the public road leading to Jonestown, and along the line of lands now Harry
Simpson, south forty (40) degrees west seventy-four (74)  rods to the margin of
Jones Pond, now Lake Ariel;  thence along the northerly margin of said pond in a general
westward course about sixty-seven  and one-quarter (67¼)  rods to a yellow birch tree
corner  and mentioned in the description of parcel six (6)  of this conveyance, and the
northeasterly corner of the tract of land conveyed to Charles E. Mills by the Estate of
William Jones,  deceased, as therein set forth;  thence leaving the margin of
a said pond; crossing the public road leading from Lake Ariel, to Salem, and along the
line of lands conveyed as aforesaid from the  William Jones Estate to Charles E. Mills
west eighteen and one-half (18½)  rods to a corner;  thence still along the line of the
William Jones lot south forty (40) degrees   west one hundred and twenty-six (126)  rods
to a corner;  being the southwesterly corner of a certain lot of land conveyed by J. T.
Barnes, Sheriff, of Wayne County  to Dwight Mills;  thence by land formerly of William
Kresler,  north fifty (50) degrees  west eighty-one and six-tenths (81.6)  rods to a
corner;  thence along line of lands conveyed by Flora M. Schadt,  Executrix to Howard
A. Swingle, north forty-three (43) degrees and ten (10) minutes east nine hundred and
eighty-two  and four-tenths (982.4)  feet to a corner;  thence still by lands of said
Swingle  south thirty-eight (38) degrees and fifty-two (52) minutes east twenty-four (24)
feet to a corner;  thence still by lands of said Swingle north seventy (70) degrees
and fourteen (14) minutes  east three hundred and fifty (350) feet to a corner;  thence
by lands conveyed by Flora M. Schadt, Executrix, to John A. Schadt, Jr.,  the following
courses and distances south seventy-two (72)  degrees and fifty-eight (58) minutes east
four hundred and eighty (480) feet to a corner;  south forty-nine (49) degrees and eight
(8) minutes east fifty-nine and six-tenths (59.6)  feet to a corner;  south eighty-seven
(87), degrees twenty-nine (29)  minutes east one hundred and eighty-nine (189) feet to
a corner;  south eighty-nine (89) degrees and twenty-three (23) minutes east one hundred
and nineteen  and one-tenth (119.1)  feet to a corner;  thence north seventy-six (76)
degrees and four minutes east two hundred and nine (209)  feet to the westerly line of
the right of way of the Jones Lake R.R. Company  at station eight (8) plus seventy-
one (71);  thence following said right of way line in a northwesterly direction along
lands of John A. Schadt, Jr.  and W. W. Mills to a point where the said right of way
crosses the original line of the Dwight Mills lot;  thence by said original line,
crossing the right of way line diagonally, and along lands of the Pennsylvania Coal
Company, north two and one-quarter (2¼)  degrees east about one hundred and twenty-two
(122)  feet to a corner;  thence by lands of the Pennsylvania Coal Company, and lands
late of Jonathan Brown  to the westerly side of the public road leading from Lake Ariel,
to Salem;  thence along northerly along said road, north five (5) degrees and fifty-

eight (58) minutes   twenty-six and two-tenths (26.2) feet, and no. or ten (10) degrees and six (6) minutes West one hundred and forty-nine and six-tenths (149.6) feet to the southerly s_____ Iroad Street, the main street leading thr_____ Village of Ariel; thence along said street north sixty (60) degrees east thirty and seven-tenths (30.7) feet to a corner; thence along line of lands conveyed by George F. Simons, et al. to J.A. Bortree, south twenty-nine (29) degrees and thirty-eight (38) minutes west one hundred and fifty (150) feet to a corner; thence along the rear line of lots conveyed to Dwight Mills, et al., to E. O. Stevens, north sixty and one-half (60½) degrees east one hundred and twenty-seven (127) feet to a corner; thence by line of lands leased to Edgar   Simons, by C. H. Schadt, et al., North twenty-six (26) degrees and twenty (20) minutes west one hundred and fifty (150) feet to the southerly line of said Railroad Street; thence  along said Street, north sixty (60) degrees east sixty-four and six-tenths (64.6), feet to a corner of Railroad Street and Maple Avenue; thence continuing said courses across Maple Avenue, forty (40) feet to the easterly side thereof;  thence along the easterly side of Maple Avenue, by lands of George Kellam, the Union Church, and Dr. H. C. White  south thirty-three (33) degrees and thirty (30) minutes east three hundred and forty (340) feet to a corner; thence by line dividing the White lot from lot leased to C. D. Jones as Trustees for the Methodist Church north fifty-six (56) degrees and thirty (30) minutes east one hundred and fifty (150) feet to a corner; thence along rear line of the White lot, parallel to the easterly line of Maple Avenue ninety (90) feet to a corner;  thence along the Northerly line of the White Lot, south fifty-six (56) degrees and thirty (30) minutes west, ninety (90) feet to a corner;  thence along the rear line of the Union Church lot; parallel to the easterly line of Maple Avenue; sixty-five (65) feet to a corner;  thence by land conveyed by Flora M. Schadt, Executrix to Clara T. Johnson, north sixty-three (63) degrees east sixty (60) feet to a corner;  thence along said Johnson line north twenty-seven (27) degrees west one hundred and fifty-nine and seven-tenths (159.7) feet to an iron pipe for a corner,  on the southerly side of Railroad Street;  thence crossing Railroad Street by the same course to the southerly right of way line of Old Pennsylvania Coal Company's gravity railroad;  thence easterly along said right of way line about ninety-five (95) rods to the line of the Dwight Mills purchase, which is the first mentioned line in this description; and thence  northerly along said line across the southerly half of the Pennsylvania Coal Company right of way twenty-five (25) feet to the place of BEGINNING. Be  the quantity of land therein contained more or less.   Included within the boundaries of the foregoing description is the lot of land known as the Lake House property mentioned and described in  Nos. 5. of this Indenture.  Excepting and Reserving out of the parcel of Land No. 8, above described, the following lots or parcels of land hereinabove sold, and conveyed, viz:

FIRST:  All that certain parcel of land bounded and described as follows:  BEGINNING  at the southeasterly corner of Lot No. 13, in the Westerly line of Lake Avenue, formerly known as Maple Avenue in the Village of Ariel;  thence along the Westerly line of said street north  twenty-nine and one-half (29½) degrees west ninety (90) feet to a corner;  thence by the north one-half  (½)  of Lot No. 11, on said street, and lands of Agnes B. Howe, south sixty and one-half (60½)  degrees west one hundred and fifty (150) feet to a corner;  thence along lands of the Charles H. Schadt  Estate,  south  twenty-nine and one-half (29½) degrees east ninety (90) feet to a corner;  thence by Lot No. 15, now lands of Carl H. Schadt, north sixty and one-half (60½) degrees east one hundred fifty (150) feet to the place of BEGINNING.  CONTAINING thirteen thousand  five hundred (13,500) square feet be the same more or less. Being the same land which the said Dwight Mill et ux. by deed dated May 13, 1892, and recorded in Wayne County in Deed Book No. 71, page 502, granted and conveyed to Alfa S. Keyes.

SECOND:    that certain parcel of land bounded and de   l as follows:
BEGINNING  at   er in the westerly line of Maple Avenue;   thence by a line at
right angles to said westerly line of Maple Avenue, along  land  of Alva S. Keyes one
hundred and fifty (150) feet to a corner;   thence by a line parallel with the westerly
line of Maple Avenue;  along line of lands of the Charles H. Schadt Estate, sixty (60)
feet to a corner;   thence by a line at right angles to the Westerly line of Maple Avenue
a long land of Roy M. Howe, one hundred and fifty (150) feet to the westerly line of
Maple Avenue  and thence along said westerly line sixty (60) feet to the place of
BEGINNING.  CONTAINING  nine thousand (9,000) square feet of land be the same more or
less. And being the same parcel of land which Flora M.  Schadt, Executrix, by deed dated
September 29, 1913, and recorded in Deed Book No. 105,  page 118,  granted and conveyed
to Agnes S. Howe.

THIRD:  Also all that other certain piece or parcel of land bounded and described
as follows:  BEGINNING  at a corner in the Westerly  line of lands of Maple Avenue;
thence by a line at right angles thereto and along lands conveyed to Agnes S. Howe at
last above described, one hundred and fifty (150)  feet to a corner;  thence by a line
parallel to the westerly line of Maple Avenue, along lands of the Charles H. Schadt Estate
fifty (50) feet to a corner;  thence by a line at right angles to the westerly line of
Maple Avenue  and along line of lands leased to Samson and Cook, one hundred  and fifty
( 150 )  feet to the westerly line of Maple Avenue;  and thence along said westerly line
fifty (50) feet to the place of BEGINNING.  CONTAINING  seventy-five Hundred (7,500)
square feet of land be the same more or less. And being  the same land which Flora M.
Schadt,  Executrix by her deed dated September 29, 1913,  and recorded in Deed Book No.
105,  page 117,  granting and conveyed to Roy M. Howe.

FOURTH:  Also all that other certain lot or parcel of land bounded and described as
follows:  BEGINNING  at a point on the westerly line of Maple Avenue, in the Village of
Ariel;   being the southeasterly corner of a lot of land belonging to Ava P. Keyes;
thence westerly at right angles to  said Maple Avenue, along the line of said Keyes
one hundred and fifty (150) feet to a corner;   thence southerly on a line parallel
to the line of said Maple Avenue, along lands formerly of the Charles H. Schadt
Estate,  one hundred and twenty (120)  feet or  thereabouts to the northerly line of
Lake Avenue;   thence along said northerly line of Lake Avenue  one hundred and fifty
(150) feet to its intersection at right angles with the westerly line of  said Maple
Avenue;   and thence along the said westerly line of Maple Avenue one hundred and twenty
(120) feet or thereabouts to the place of BEGINNING.   CONTAINING  approximately eighteen
thousand (18,000) square feet of land, being the same parcel of land which Flora M. Schadt,
Executrix, by her deed dated June 28, 1922,  and recorded in Wayne County Deed Book No. 118
page 167,  granted and conveyed to Carl H. Schadt.

FIFTH:  Also all that other  certain lot or parcel of land, bounded and described
as follows:  BEGINNING  at Station sixty-three (63) by eighty  (80)  in the Center
line of the Jones Lake Railroad;  thence westerly   at right angles to said center line
fifteen (15) feet to a corner in line of lands conveyed to the said Dwight Mills by the
Pennsylvania Coal Company;   thence southerly and curving to the right by a nineteen
(19)  degree curve to a point opposite Station One (1)  of the line of the said proposed
railroad to be built on the strip of land described and thirteen (13) feet westerly
from said station;   thence continuing by said curve to a point opposite Station  Two,
(2)  and eleven (11) feet  Northerly therefrom;  thence continuing by said curve and
parallel to center line of said railroad to a point opposite Station  three and eleven (11)
feet northwesterly from said station;   thence continuing by said curve to a point oppos-
ite station Four (4)  and twelve (12)  feet northerly from said Station;  thence continuing

by said curve and a    se curve of twenty (20) degrees curving to the    t to a point
opposite station fi    nd fourteen (14) feet northwesterly from s    ion;   thence
continuing by said twenty (20) degrees curve and parallel to the center line of said
proposed railroad to a point opposite   station six (6)  and fourteen (14) feet north-
westerly from said Station;   thence continuing by said twenty (20) degrees curve to a
point opposite station seven (7) and nine (9) feet northwesterly from said station;
thence continuing by said curve and parallel to the center line of  said railroad
to a point opposite station nine (9) and nine (9) feet westerly from said station;
thence westerly at right angles to a tangent drawn to the curve at the last mentioned point
thirteen (13) feet or twenty-two (22) feet westerly from said Station nine (9); thence
continuing by a line parallel to the center line of said proposed railroad to a point
opposite station ten (10) and twenty-two (22) feet southwesterly from said station;
thence by said curve to a point opposite station eleven (11) and twelve (12) feet south-
westerly from said station; thence by said curve parallel to the center line of said
proposed railroad to a point opposite station twelve (12)  and twelve (12) feet south-
erly from said station;  thence by a line at right angles to the tangent drawn to the
curve at the said last mentioned point ten (10) feet; or twenty-two (22) feet from said
station twelve (12) to a point  in the line of a certain  wire fence bordering the
plank walk leading to the private grove;  thence  by the line of a said fence south
sixty-eight (68) degrees east three hundred and twenty-three (323) feet to a corner;
thence by line of said fence north fifty-eight (58) degrees and fifty-seven (57) minutes
east one hundred and seventeen and sixtenths (117.6) feet to a corner;  thence by the
line of said fence north twenty (20) degrees and fifty-one (51)  minutes West
two hundred and two (202) feet to a corner;  twelve (12) feet easterly from the center
line of a said railroad on said twenty (20) degrees curve;  thence by said curve parallel
to the said center line northerly to a point opposite station eighteen (18) and twelve
(12) feet easterly from said station;  thence westerly at  right angles to a tangent
drawn to the curve at said  mentioned point crossing the center line of said proposed
railroad  at said   station eighteen (18)  twenty-four (24) feet to a point opposite to
and twelve (12) feet westerly from said station eighteen (18);   thence southerly, west-
erly and northerly by a twenty (20) degrees curve parallel to the center of the said
proposed railroad to point opposite station nine and twelve feet westerly from said
station;   thence at right angles to a tangent drawn to the curve at said station nine
(9) and two (2) feet to a point fourteen (14) feet easterly from said station nine (9)
thence curving northerly by said curve and parallel to said center line to a point opposite
station five (5) and fourteen (14) feet southeasterly from said station; thence at
right angles to a tangent drawn to the curve at said station five (5) two (2) feet to a
point opposite to and twelve (12) feet southeasterly from said station five;  thence
continuing by said curve and a reverse curve of nineteen degrees on a line parallel to the
said center line to a point opposite the said station sixty-three (63)  by eight (8) and
twelve (12)  feet easterly from said station;  thence by a line at right angles to the
center line of the said Jones Lake Railroad westerly  twelve (12) feet to the point of
beginning.  Containing one and two-tenths (1.2)  acres of land, be the same more or
less.  Being the same parcel of  land which the said Dwight Mills and wife by deed dated
April 11, 1893.    and recorded in Wayne CountyDeed Book No. 73 page 86, etc. granted
and conveyed to the Jones Lake Railroad Company, the said conveyance from Dwight Mills to
the said Jones Lake Railroad Company containing the following  exceptions, reservations,
and conditions, however, and this conveyance is made on the express understanding and
agreement that neither the line of land hereby conveyed, nor any carring, filling or other
improvement or appurtenances of the  railroad proposed to be built on the strip of land

hereby convey,  ll extend west of the stone fence which is the   terly boundary of a
certain land    from the barnyard of the said first part   oresaid picnic
grove. And provided also that between the westerly rail of the proposed railroad and the
line of said fence there shall be a passageway constructed by said second part not less
than eight (8) feet in width on a level with the bed of the railroad to extend along the
said stone fence in both   directions until the said fence reached a point northerly and
southerly at least ten (10) feet from the line of lands hereby conveyed and the said party
of the first part, his heirs and Assigns,  shall have the right to pass and re-pass along
said passageway so to  be reserved and constructed, on foot or with their cattle, teams
sleighs, or wagons so often  and at such times as they shall see fit to do so.  Provided and
so that the said party of the first part for himself, his heirs and Assigns, shall have
the right to cross the strip of land hereby conveyed and such railroad or other improve-
ment as may be constructed upon it, with a wagon road at grade at or near station eighteen
(18) above mentioned, and also at or near station 12 above mentioned and to use said
road for all purpose for  which wagon roads are commonly used, provided that the movement
of cars and trains of the second part, its successors and Assigns, shall at no time and in
no way be interfered with. Provided also that the said party of the first part shall have
the right to maintain a line of water pipe under and across the strip of land hereby
conveyed at such place or places as said pipe may cross, and by  himself, his heirs and
assigns, to enter upon the land hereby conveyed and do such acts as may be necessary
for   said maintenance, provided however, that in doing so,  no injury shall be done to
the lands of the said second party and the movement of cars and trains shall in  no way
and at no  time, be interfered with. Said line of water  pipe to be laid by the second
party according to the terms of an agreement between the parties hereby bearing the
date of April 8, 1893.  Provided also that the said party of the first part, his heirs
and assigns, shall have the right to cross and re-cross the said strip of land hereby
conveyed and the railroads and other improvements that may be placed upon it, etc., at
which points as he may select for the purpose of gaining access from  his other lands to
the land enclosed in the strip hereby conveyed, which right to be exercised in such a
way as not to interfere at any time or in any manner with the movement of cars or trains
of the said second part, its successors or assigns. This conveyance  is made in pursuance

of a written agreement between the parties, said agreement April 8, 1893.  set forth
fully the terms of sale and conditions.

   Title to Parcel  8 having been described as follows:  Being a portion of the second
parcel of land which J  T. Barnes, Sheriff of Wayne County, by Sheriff Deed,
dated February 9, 1865,  and recorded in Deed Book No. 39, Page 92,  granted and
conveyed to Dwight Mills and also Jane D. Mills, widow and Elizabeth M. Bigart, et al.
heirs of Dwight Mills, deceased, by deed dated April 8, 1896,  and recorded in Deed
Book No. 80, page 75,  granted and conveyed to Charles H. Schadt and P. J. Horan,  And
being a portion of a certain other lot of land which George Cadwalader, Executor, etc. of
Mary Cadwalader, deceased, by deed dated June 3, 1893,  and recorded in Deed Book
No. 22, page  13, granted and conveyed to the said Dwight Mills and which Jane  D.
Mills, widow, and Elizabeth M. Bigart,  et al. heirs of Dwight Mills, deceased BY THEIR
deed of  April 8, 1896,  recorded in Deed Book No. 80,  page 75, granted and conveyed
to Charles H. Schadt and P. J. Horan.

   No. 9.  Also all that other certain separate triangular plot or parcel of land
lying on the north side of the abandoned right of way of the Pennsylvania Coal
Company's Gravity Railroad:  Beginning at a point in the Northeastern line of the
parcel of land last above mentioned and having been conveyed by George Cadwalader,
Executor of Dwight Mills, by deed dated June 3, 1893,  thence by lands formerly of Susan

S. Sandercook, I say  tree (50) degrees east two hundred fifty-four           feet to a
corner on the North          ht of way line of the abandoned rail road o          Pennsylvania
Coal Company;  thence following said line of right of way south fifty-five (55) degrees
and forty-five (45) minutes west two hundred fifty-five (2351 feet to a corner and
thence by the rear of certain lts fronting on the public road leading from Lake Ariel to
Gravity north one (1) degree and thirty (30) minutes east two hundred ninety (290) feet
to the place of Beginning. Containing approximately twenty-nine thousand (29,000) square
feet of land. Being a portion of that certain parcel of land already mentioned which was
conveyed to Dwight Mills by George Cadwalader, Executor by deed dated June 1 1853
and recorded in Deed Book No. 22, page 13, etc.;  The parcel last above described having
been included in the conveyance already mentioned fromJane B. Mills, widow, and Elizabeth
Bigart, et al. leirs of Dwight Mills, deceased to Charles Schadt and F. J. Horan,
dated April 3, 1896,  and recorded in Deed Book No. 80 page 25.

No. 10.  Also  all that other certain lot or parcel of land bounded and described as
follows:  BEGINNING  at a corner on the westerly margin of lands of Ariel;  thence along
the line which Divides the lands of Byron Jones and J. S. Smith,  North forty-four (44)
degrees west  two  hundred fifty (250) feet to a corner in said land;  thence by a line
of land formerly of Byron Jones, Now Rose E. Williams,  the following courses and distances;
north thirty-five (35) degrees and forty-four (44) minutes  east seven hundred twenty-
three (723)  feet to a corner, north fifty (50) degrees twenty-seven (27) minutes, east
three hundred four (304 )feet to a corner;  thence north thirty-five (35) degrees, and
forty-eight (48) minutes, east nine hundred and ninety-eight (998) feet to a corner
in the line  dividing  the Byron Jones farm from the William Jones farm;  thence by said
line south forty-four (44) degrees east three hundred sixty (360) feet or thereabouts
to a corner at the westerly margin of Lake Ariel, and thence along the westerly margin
of Lake Ariel, as it winds and turns in a northeasterly direction about one thousand four
hundred fifty (1,450) feet to the place of Beginning. Containing approximately nine
(9)  acres of land. Being a portion of a larger parcel of land which Joel Jones and
wife, by their deed dated January 1864,  and recorded in Deed Book No. 31, page 76, etc.
granted and conveyed to Byron Jones and Reuben F. Jones, the undivided one-half interest
in which was conveyed by the said Reuben F. Jones to Byron Jones by deed dated April 10,
1870, and recorded in Deed book No. 53, page 128,  in which  said Byron Jones by his
deed dated April 4, 1896, and recorded in Deed Book N . 80, page 25, granted and conveyed
to the said Charles H. Schadt and F. J. Horan. By deed dated May 1, 1905, and recorded
in Deed Book No. 80, page 167,  F. J. Horan, and wife, conveyed to M. J. Healey and wife
an undivided one-half interest of the one-half interest which had thus become vested to
F. J. Horan so that thereupon M. J. Healey took title to an undivided one-fourth interest
in the whole and on the same at the time of his death having died intestate.
By deed dated February 9, 1905, and  recorded in Deed Book No. 94, page 281, F. J.
Horan, and wife and Mary Healey, et al.  heirs at law of  M. J. Healey, deceased. Joined
in a conveyance to Charles H. Schadt of their undivided one-half interest in said
property so that thereupon said Charles H. Schadt became vested with title to the
entire property, including all of the parcels of land mentioned and described in this
conveyance from No. 1, to No. 10 inclusive

The above described lands being also the same premises that Floyd E. Bortree and Anna
C. Bortree, his wife, by their deed dated February  27, 1933, and recorded in Wayne
County Deed Book 136, page 894, granted and conveyed to F. E. Bortree Land Company.
Below the same premises conveyed by F. E. Bortree Land Company to A. J. Schrader and
George W. Russ, by deed dated January 15,1954, and recorded in the office for the
recording of Deeds in and for the County of Wayne in Deed Book 186, page 379 excepting
and reserving, however, all pieces and parcels of land granted and conveyed adversely and

recorded in        e of Recorder of Deeds in and for Wayne Co    the Sellers herein
and their predecessors in title to and including the 19th. day of August, 1963, subject
also, nevertheless, to such easements, covenants, reservations and restrictions as appear
in the chain of title, including lake rights granted to Paul M. Brown and Genevieve Brown
his wife, by writing dated July 25, 1963, copy of which has been delivered by the
Sellers herein to the Buyers, but which agreement is not recorded as of this date.

TOGETHER with all and singular theways, waters, water courses, rights, liberties
privileges, hereditaments and appurtenances, whatsoever thereunto belonging, or in any
wise appertaining, and the reversions and remainders, rents, issues and profits thereof
and all the estate, right, title, and interest, property, claim and demand whatsoever
of A. J. Schrader and George W. Russ or their predecessors in title --- including, but not
by way limitation, all rights, privileges, rents, rights, of reversions, and otherwise
created by A. J. Schrader and George W. Russ, and their predecessors intitle in the
execution of the various leases executed by F. E. Bortree Land Company and its predecessors
in title, inlaw, equity, or otherwise howsoever of, in and to the same and every part
thereof, as well as those created by A. J. Schrader and George W. Russ. Being the same
premises conveyed by F. E. Bortree Land Company to A. J. Schrader and George W. Russ,
by deed dated June 15, 1954, and recorded in Deed Book 186, page 374.

SECOND PARCEL : Being all the right, title, and interest of A. J. Schrader and
George W. Russ. In and to all those certain pieces or parcels of land situated in the
township of lake Ariel, County of Wayne, Pennsylvania, as are set forth in a deed dated
February 1, 1955, from the Erie Railroad Company and duly recorded in the Office of
Recorder of Deeds in and for the County of Wayne in Deed Book 190, page 190, excepting
and reserving therefrom conveyance to William H. Cook and duly recorded in Deed Book 192
page 40. Also excepting premises conveyed to Arthur M. Davies, et ux, and duly recorded
in Deed Book 200, page 247.

Both parcels are subject to such easements, conveyances and restrictions as appear
in the chain of title and subject, further, to the conveyances and privileges as granted
and conveyed adversely prior to August 15, 1963, and in reference to the various adverse
conveyances andprivileges, will appear in the chain of title.

TO HAVE AND TO HOLD the said Premises with all and singular the appurtenances and
otherwise unto the Grantee, its successors and Assigns, to the only proper use, benefit
and behoof of said Grantee, its successors and Assigns forever, subject, however, to
the exemptions and reservations and renderand subject to the same as aforesaid.

The said Grantors do by these presents covenant, grant and agree to and with the
said Ariel Land Owners, Incorporated its successors and Assigns, that they, the said
Grantors, all and singular, the hereditaments and appurtenances hereinafter described
and granted or mentioned and intended so to be with the appurtenances unto the said Ariel
Land Owners, Incorporated its successors and assigns against them and the said Grantors,
and against all and every person or persons whosoever lawfully claiming or to claim the same
or any part thereof, shall and will warrant and forever defend.

FEDERAL STAMPS $ 90.20 CANCELLED

PENNSYLVANIA STATE STAMPS $ 870.00 CANCELLED.

IN WITNESS WHEREOF, the said Grantors have hereunto set their hands and seals,
the day and year aforesaid.

A. J. Schrader        (Seal)

Florence Schrader        (SEAL)

George W. Russ        (SEAL)

Elizabeth Russ        (SEAL)

STATE OF PENNSYLVANIA     :
                          : SS
COUNTY OF SCHUYLKILL      :

On this the 20th day of April, 1964,   before me, a NotaryPublic,  the undersigned

Officer, personally appeared George W. Russ and Elizabeth Russ, his wife, known to me (or

satisfactorily proven) to be the  persons whose names   are subscribed to the within

instrument,  and acknowledged that they excuted the same for the purposes therein contained.

                              . Weller Hunsinger              (SEAL)
                              Notary Public, My comm.Exps. Feb.1,1965

STATE OF PENNSYLVANIA     :
                          : SS
COUNTY OF LACKAWANNA      :

On this, the ------ day of April, 1964,   before me, a Notary Public,  the under-

signed Officer, personally appeared A. J. Schrader and Florence Schrader, his wife known

to me (or satisfactorily proven) to be the persons whose names are subscribed to the

within Instrument, and acknowledged that they executed the same for the purposes therein

contained.

    IN WITNESS WHEREOF,  I Hereunto set my hand and official seal.

                              Pauline E. Kingsley, Notary Public,(SEAL
                              My comm.Exps.  My comm.Exps. Jan. 6,1965
                              Scranton-Lackawanna County.

    I Hereby Certify,  that the precise address of the Grantee herein, is Box 205

Lake Ariel, Pa.

                              William Dempsey,

                              Attorney for Grantee

    Recorded in the office for the Recording of Deeds in and for Wayne County in Deed

Book 221, page  292. Witness my hand and seal this 5th day of June, A.D.1964 at

1:40 P.M.

                              L. Pyron Davis,  Recorder, (SEAL)

JAMES RUTHERFORD,   ET UX.   :      THIS DEED, Made the second day of June, in the
                             :
        TO                   :      year of our Lord one thousand nine hundred and
                             :
LYDIA  SMITH                 :      sixty-four. Between JAMES RUTHERFORD, and DOROTHY
                                    RUTHERFORD, his wife, of the Township of Texas,
                                    County of Wayne and Commonwealth of Pennsylvania
GRANTORS, and LYDIA SMITH, of the Township of Texas,   County of Wayne, and Common-
wealth of Pennsylvania, GRANTEE.

The Following is Exhibit B

DATE: 09/13/1996    TIME: 11:19    DOC NO.: 6716

Wayne County, PA
OFFICE OF THE Recorder of Deeds

RECEIPT NO : 012532    TYPE DOC : DEED
    REC FEE         :         18.50
    LOTT            :        174.34
    SRTT            :        174.34
    WRIT TAX        :          1.50

# *THIS DEED*

*MADE* the 13th  day of September, in the year of our Lord one thousand nine hundred and Ninety six (1996).

## *BETWEEN*

*ROBERT M. SWINGLE* and *IRENE D. SWINGLE*, his wife, of R.D. #6 Box 6723, Lake Ariel Pennsylvania 18436 and *GLENNA J. CURTIS* and *MARION J. SWINGLE* of R.R. #4 Box 420, Lake Ariel, Pennsylvania 18436, hereinafter referred to as *GRANTORS*

## *AND*

*NANCY ASARO AND LORI DRING*, of 34 Greenvale Avenue, Wayne, New Jersey 07470, hereinafter referred to as *GRANTEES*

*WITNESSETH* that in consideration of Eighty Seven Thousand Fifty Three and 80/100 ($87,053.80), in hand paid, the receipt whereof is hereby acknowledged; the Grantors do hereby grant and convey to the said Grantees, their Heirs and Assigns,

*ALL*, that certain lot, piece or parcel of land, situate, lying and being in the Township of Lake, County of Wayne and State of Pennsylvania, bounded and described as follows, to wit:

*BEGINNING* at the center of Pa State Route 191; thence South 40 degrees 45 minutes 00 seconds East 398.52 feet to a 1/2" set rebar; thence South 9 degrees 21 minutes 58 seconds East 941.63 feet to a 1/2" set rebar; thence North 60 degrees 26 minutes 47 seconds East 1347.25 feet to a 1/2" set rebar; thence North 59 degrees 40 minutes 13 seconds East 848.25 feet to a 1/2" set rebar; thence South 41 degrees 56 minutes 4 seconds East 287.77 feet to an iron pin found; thence South 45 degrees 43 minutes 4 seconds West 246.28 feet to an iron pin found; thence South 83 degrees 25 minutes 34 seconds West 98.71 feet to an iron pin found; thence South 37 degrees 42 minutes 59 seconds East 238.85 feet to an iron pin found; thence North 37 degrees 15 minutes 13 seconds West 176.94 feet; thence South 68 degrees 17 minutes 36 seconds West 95.64 feet; thence South 66 degrees 04 minutes 52 seconds West 123.62 feet; thence South 72

BOOK1176 PAGE 0197

degrees 58 minutes 20 seconds West 17.41 feet; thence South 82 degrees 27 minutes 31 seconds West 108.24 feet; thence South 34 degrees 10 minutes 08 seconds West 115.43; thence South 31 degrees 00 minutes 12 seconds East 72.24 feet; thence South 60 degrees 43 minutes 12 seconds East 50.00 feet; thence South 02 degrees 50 minutes 26 seconds East 118.28 feet ; thence South 23 degrees 23 minutes 16 seconds East 83.45 feet; thence South 19 degrees 35 minutes 24 seconds West 51.82 feet; thence South 28 degrees 43 minutes 49 seconds West 61.71 feet; thence South 31 degrees 33 minutes 28 seconds West 40.07 feet; thence South 66 degrees 29 minutes 11 seconds West 179.30 feet; thence South 73 degrees 40 minutes 49 seconds West 90.65 feet; thence South 82 degrees 20 minutes 28 seconds West 74.71 feet; thence North 51 degrees 29 minutes 15 seconds West 40.25 feet; thence North 48 degrees 37 minutes 44 seconds West 72.70 feet; thence North 46 degrees 59 minutes 43 seconds West 71.68 feet; thence North 69 degrees 21 minutes 42 seconds West 91.37 feet; thence North 83 degrees 32 minutes 00 seconds West 106.81 feet; thence South 69 degrees 31 minutes 53 seconds West 91.81 feet; thence South 67 degrees 30 minutes 14 seconds West 81.96 feet; thence South 42 degrees 11 minutes 15 seconds West 87.05 feet; thence South 25 degrees 31 minutes 44 seconds West 106.14 feet; thence South 19 degrees 14 minutes 57 seconds West 83.49 feet; thence South 37 degrees 29 minutes 50 seconds West 119.85 feet; thence South 13 degrees 43 minutes 13 seconds East 35.70 feet; thence South 11 degrees 07 minutes 20 seconds East 68.69 feet; thence South 34 degrees 27 minutes 42 seconds West 47.29 feet; thence South 22 degrees 02 minutes 50 seconds West 57.02 feet; thence South 15 degrees 11 minutes 21 seconds West 74.79 feet; thence South 59 degrees 19 minutes 21 seconds East 69.24 feet; thence North 68 degrees 57 minutes 37 seconds East 51.95 feet; thence South 16 degrees 14 minutes 38 seconds East 299.13 feet to an iron pin found; thence North 35° degrees 20 minutes 42 seconds West 730.83 feet to a 1/2" set rebar; thence North 52 degrees 27 minutes 28 seconds West 437.33 feet to a 1/2" set rebar; thence North 74 degrees 09 minutes 53 seconds East 104.27 feet to an iron pin found; thence North 15 degrees 50 minutes 07 seconds West 264.00 feet to an iron pin found; thence North 48 degrees 48 minutes 29 seconds West 165.51 feet to an iron pin found; thence North 16 degrees 19 minutes 59 seconds East 547.01 feet to an iron pin found; thence North 47 degrees 51 minutes 38 seconds East 640.04 feet to an iron pin found; thence North 16 degrees 17 minutes 40 seconds West 281.13 feet to an iron pin found; thence North 62 degrees 39 minutes 39 seconds West 242.00 feet to a point in the center of P.A State Route 191; thence North 24 degrees 10 minutes 00 seconds East 204.91 feet to the point or place of BEGINNING.  CONTAINING 52.210 acres as surveyed by Tim A. Jones, Land Surveyor March 1, 1996.

BEING Parcel No. 1 on the approved subdivision map as recorded at Wayne county Map Book 85 at page 90.

BEING a part of those lands conveyed to the Grantors herein by Deed recorded at Book 776 page 193, and also at Book 776, page 308.

TOGETHER WITH the right in the grantees, theirs and assigns to use and improve each of the following two right of way which cross remaining lands of the grantors:

FIRST: BEGINNING in the centerline of T370 at the juncture of those measurements designated L42 and L43 on the aforesaid map; thence along a centerline bearing North 66 degrees 16 minutes 31 seconds East 311.87 feet to the edge of Parcel 1 described above. this right of way to be fifty feet, twenty - five feet to either side of the centerline.

SECOND: BEGINNING at the center of PA State Route 191 at the end point of that measurements designated L48; thence South 61 degrees 49 feet 58 seconds East 242.01; thence North 78 degrees 48 minutes 29 seconds West 165.51 feet along the aforesaid Parcel 1 above. This right of way to be fifty feet in width and parallel to the above two measurements as depicted on the survey map recorded at Map Book 85 at page 90.

TOGETHER WITH the right in the Grantors and their heirs, lives in being on this date, to go across at all reasonable times and places from their remaining lands so much of the land hereby conveyed as the Grantors have historically used to access the waters of Lake Ariel for fishing and boating, including the right to transport a boat to Lake Ariel. Should none of Grantors or their heirs as defined above, own adjoining lands, this right shall cease.

BEING a part of the premises which the Estate of Spencer Swingle, by Glenna J. Curtis, Executor, granted and conveyed unto Robert M. Swingle, Glenna J. Curtis and Marion J. Swingle, by deed dated February 4, 1993 and recorded in Wayne County Record Book 776 at page 193.

For an approved map showing the above described premises se Wayne County Map Book 95 at Page 90.

AND the said Grantors will Warrant SPECIALLY the property hereby conveyed.

*IN WITNESS WHEREOF,* the Grantors have hereunto set their hands and seals the day and year first above written.

*SIGNED, SEALED* and *DELIVERED*     *Robert M. Swingle* (SEAL)
in the presence of                                      ROBERT M. SWINGLE

_____                *Irene D. Swingle* (SEAL)
                                                        IRENE D. SWINGLE

_____                *Glenna J. Curtis* (SEAL)
                                                        GLENNA J. CURTIS

                                                        *Marion J. Swingle* (SEAL)
                                                        MARION J. SWINGLE


STATE OF _Pennsylvania_
                                                    ss:
COUNTY OF _Wayne_

On this the 13th day of _September_ 1996, before me a notary public, the undersigned officer, personally appeared *ROBERT M. SWINGLE,* known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

*IN WITNESS WHEREOF,* I hereunto set my hand and official seal.

                                                        *Tracy L. VanBlarcom*
                                                        NOTARY PUBLIC

Notarial Seal
Tracy L. VanBlarcom, Notary Public
Honesdale Boro, Wayne County
My Commission Expires June 4, 1998

BOOK 1176 PAGE 0200

STATE OF _Pennsylvania_ :
                                          ss:
COUNTY OF _Wayne_

On this the _13th_ day of _September_ 1996, before me a notary public, the undersigned officer, personally appeared **IRENE D. SWINGLE**, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

> Notarial Seal
> Tracy L. VanBlarcom, Notary Public
> Honesdale Boro, Wayne County
> My Commission Expires June 4, 1998

_Tracy L. VanBlarcom_
NOTARY PUBLIC


STATE OF _Pennsylvania_
                                          ss:
COUNTY OF _Wayne_

On this the _13th_ day of _September_ 1996, before me a notary public, the undersigned officer, personally appeared **GLENNA J. CURTIS**, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Tracy L. VanBlarcom_
NOTARY PUBLIC

> Notarial Seal
> Tracy L. VanBlarcom, Notary Public
> Honesdale Boro, Wayne County
> My Commission Expires June 4, 1998

BOOK 1176 PAGE 0201

STATE OF _Pennsylvania_

ss:

COUNTY OF _Wayne_

On this the 13th day of _September_ ) 1996, before me a notary public, the undersigned officer, personally appeared **MARION J. SWIGLE**, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

_IN WITNESS WHEREOF_, I hereunto set my hand and official seal.

> Notarial Seal
> Tracy L. VanBlarcom, Notary Public
> Honesdale Boro, Wayne County
> My Commission Expires June 8, 1998

_Tracy L. VanBlarcom_
NOTARY PUBLIC

_I HEREBY CERTIFY_, that the precise residence of the Grantee is
84 Greendale Avenue, Wayne, New Jersey 07470.

Attorney for _William Gallen_

I hereby CERTIFY that this document is recorded in the Recorder's Office of Wayne County, Pennsylvania.



_Ginger Golden_
Ginger Golden
Recorder of Deeds

H.K.S.

BOOK 1176 PAGE 0202

# The Following is Exhibit C

# CORRECTIVE DEED

THIS DEED made this __25__ day of __Aug.__ A.D., 1998 by and between

ROBERT M. SWINGLE and IRENE D. SWINGLE, his wife, GLENNA J. CURTIS and

MARION J. SWINGLE, of __Lake Township, Wayne__

__County, Pa.__, hereinafter called ———————— GRANTORS.

AND

NANCY ASARO and LORI DRING of 84 Greenrale Avenue, Wayne, New Jersey

07470, hereinafter called ———————— GRANTEES

WHEREAS, by Deed at Deed Book 119, Page 462, Spencer Swingle and Grace Swingle

obtained title to certain lands including a certain 55 acres tract first described at Deed Book 44,

Page 209 in a Deed from John Torrey, et ux to Jacob S. Smith, recorded April 1, 1874 and a

certain 105 acre parcel first described at Deed Book 30, Page 40 in a deed from Edward W.

Weston to Jeremiah T. Barnes recorded April 18, 1863; and,

WHEREAS, the aforementioned deeds and subsequent deeds in the Grantor's chain of

title, speak of the boundary of the land as being along the margin of said pond (Marsh Pond) at

the high water mark and along the highest flow of water in said pond (Jones Pond) and the Marsh

Pond; and,

WHEREAS, Grantors are descendants of and heirs of Spencer Swingle and other

Swingles in the chain of title who owned these 55 acre and 105 acre parcels; and

WHEREAS, Grantors sold certain lands to Grantees at Record Book 1176 at Page 197 using a survey description as depicted on a map at Map Book 85 at Page 90; and

WHEREAS, the exact historic margin of the flow of said ponds at the high water mark is other than the survey line delineated on the map at Map Book 85 at Page 90 mentioned above which map only depicts the waterline on the date of that survey; and

WHEREAS, the intent of Grantors in their Deed into Grantees was to convey all of their remaining lands bordering on Lake Ariel (formerly Jones Pond) and Marsh Pond (also known as Mud Pond), and the channel or stream connecting them;

NOW, THEREFORE, in consideration of ONE AND 00/100 ($1.00) DOLLAR, Grantors do hereby quit claim unto Grantees, all of their right, title and interest in and to any land to which Grantors have a claim by virtue of those deeds at Record Book 736, Page 318, and Record Book 776, Page 193, and prior deeds in the chain of title, which land lies between the boundary of any land previously conveyed by Grantors or their predecessors in title and the historic margin of said bodies of water known as Marsh Pond (now Mud Pond) and Jones Pond (now Lake Ariel) and the channel or stream connecting them.

No language contained herein shall be interpreted to diminish the reservation of rights by the Grantors in the prior deed to access the waters of Lake Ariel for fishing and boating, including the right to transport a boat to Lake Ariel.

IN WITNESS WHEREOF, the Grantors have hereunto set their hands and seals the day and year above written.

Signed, Sealed and Delivered
in the Presence of

_Robert M Swingle_
ROBERT M. SWINGLE

_Irene D Swingle_
IRENE D. SWINGLE

_Glenna J Curtis_
GLENNA J. CURTIS

_Marion J Swingle_
MARION J. SWINGLE

COMMONWEALTH OF PENNSYLVANIA  :

COUNTY OF _Wayne_                    :

ON this, the 25th day of _August_                 , 1993, before me a Notary Public, the undersigned Officer, personally appeared ROBERT M. SWINGLE and IRENE D. SWINGLE, his wife, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_Linda V. Sindock_
Notary Public

NOTARIAL SEAL
LINDA V. SINDOCK, NOTARY PUBLIC
HOMESDALE BOROUGH, WAYNE COUNTY
MY COMMISSION EXPIRES AUGUST 1, 1998

# VERIFICATION

GORDON FLOREY, deposes and says that he is the President of Ariel Land Owners, Inc., the Plaintiff in this action, that as such he is authorized to make this Verification on its behalf; that he has read the foregoing Complaint and that the facts contained in therein are true and correct to the best of his knowledge, information and belief.

I understand that statements made in the foregoing Complaint are made subject to the provisions and penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

Dated: _____

ARIEL LAND OWNERS, INC.

_____
GORDON FLOREY, President

# VERIFICATION

GORDON FLOREY, deposes and says that he is the President of Ariel Land Owners, Inc., the Plaintiff in this action, that as such he is authorized to make this **Verification** on its behalf; that he has read the foregoing Complaint and that the facts contained in therein are true and correct to the best of his knowledge, information and belief.

I understand that statements made in the foregoing Complaint are made subject to the provisions and penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

Dated: _May 12, 1999_

ARIEL LAND OWNERS, INC.

_Gordon Florey_
GORDON FLOREY, President

# IN THE COURT OF COMMON PLEAS OF THE 22ND JUDICIAL DISTRICT
## COMMONWEALTH OF PENNSYLVANIA
## COUNTY OF WAYNE

|  |  |
|---|---|
| ARIEL LAND OWNERS, INC.,<br>                        **PLAINTIFF**<br><br>        v.<br><br>LORI DRING and NANCY ASARO,<br>                      **DEFENDANTS** | : CIVIL ACTION<br>:<br>: ACTION TO QUIET TITLE<br>:<br>:<br>: NO: 188-C-1999 |

TO Plaintiff
You are hereby notified to file a
written response to the enclosed
New Matter
within twenty (20) days from service
hereof or a judgment may be
entered against you.

*[signature]*
Attorney for Defendants

## ANSWER AND NEW MATTER OF DEFENDANTS
## LORI DRING AND NANCY ASARO

Defendants, Lori Dring and Nancy Asaro, (hereinafter referred to as "Dring/Asaro") by their attorneys, Timoney, Knox, Hasson & Weand, L.L.P., hereby answer the averments of the Complaint in Quiet Title filed of record by Plaintiff, Ariel Land Owners, Inc. (hereinafter referred to as "ALO") as follows:

## ANSWER

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Denied.  While it would appear, after reasonable investigation, that ALO is the owner of various real property situate in Lake Township, Wayne County, PA, the deed to ALO from A.J.

Schrader, et al. recorded in Wayne County Deed Book 221 at page 292 purports to convey to

ALO lands, the boundary of which follows "the shore line of said lake as said shore line is

defined in the several deeds conveying lands bordering on said Lake, from the common owners

of said Lake and of land surrounding it." Therefore, it is denied that ALO is the owner of that

certain body of water commonly known as Lake Ariel and Mud Pond as the same exist today. It

is denied that ALO is the owner of the lands in dispute.

5.     Denied.  It is denied that pursuant to its deed ALO is in actual possession of and has

exercised dominion and control over the entire body of water commonly known as Lake Ariel

and Mud Pond from a high-water mark of at or about 1,425.9 feet above sea level to any lower

elevation.  It is denied that a plaintiff, such as ALO, in an action to quiet title pursuant to Pa.

R.C.P. 1061(b)(1), which this is, may establish its actual possession of and the exercise of

dominion and control over the land in controversy pursuant to a deed.  To the extent that

paragraph 5 of ALO's Complaint avers that  ALO's claim of actual possession and exercise of

dominion and control is based on its deed, it is denied that its deed could or in fact does establish

such actual possession and exercise of dominion and control with regard to the disputed area.  To

the extent that ALO relies upon facts other than its deed to establish possession and the exercise

of dominion and control, such facts are denied.  Further, any implication that possession can be

established by the presence of water on the disputed land is denied.

6.     Admitted.

7.     Admitted.

8.     Denied.  It is denied that ALO possesses and owns the lands conveyed in the deeds to

Dring/Asaro.  By way of further answer, Dring/Asaro incorporate herein by reference as if fully

set forth their Answer to paragraph 4 of ALO's Complaint.  It is denied that ALO is the owner of

the land between the historic margin of the bodies of water in issue and the high water mark of 1,425.9 feet. On the contrary, that land was not conveyed in the deed to ALO attached as Exhibit "A" to ALO's Complaint, which deed conveyed lands the boundary of which follows "the shore line of said lake as said shore line is defined in the several deeds conveying lands bordering on said Lake, from the common owners of said Lake and of land surrounding it." The deeds referenced from the common owners conveyed lands based on the historic margin, which historic margin was not at an elevation of 1425.9 feet above sea level. Therefore ALO does not own the disputed land between the historic margin and an elevation of 1425.9 feet, nor does it possess it.

9.      Denied. It is denied that the location of the historic margin of the bodies of water in question has not been specified or defined by Dring/Asaro. The historic margin is specified in the original deeds dividing the parcels of land, and in addition, the deeds in the chains of title of Dring/Asaro and ALO specify and define the margin of the bodies of water as they existed on the dates of original divisions by the common grantors.

10.     Denied. It is denied that there is a lack of particularity in Exhibit "C". Dring/Asaro incorporate herein by reference their Answers to paragraphs 5, 8 and 9 of the Complaint as if set forth in full. It is denied that ALO is in actual possession of the bodies of water from a high-water elevation of at or about 1425.9 feet above sea level to any lower point. It is denied that ALO has title to the bodies of water from a high-water elevation of at or about 1425.9 feet above sea level to any lower point.

11.     Denied. It is denied that there is ambiguity in the term "historic margin". Dring/Asaro incorporate herein by reference their Answer to paragraph 9 of the Complaint as if set forth in full. The historic margin is specified in the original deeds dividing the parcels of land and in addition, the deeds in the chains of title of Dring/Asaro and ALO specify and define the margins

of the bodies of water as they existed on the dates of original division. The term means the margin of Lake Ariel and Mud Pond at the time of the original division of land by the common owner. It is denied that ALO is unable to fully ascertain the extent to which Dring/Asaro dispute ALO's "ownership and possession of the bodies of water in question from the high-water elevation of at or about 1,425.9 feet above sea level to any lower point," since the deeds, records and chains of title from which same can be ascertained are generally available as public records.

12. The averments of paragraph 12 of ALO's Complaint constitute conclusions of law to which no response is required.

## NEW MATTER

13. The averments of paragraphs 1 through 12 of Dring/Asaro's Answer are incorporated herein by reference as if set forth in full.

14. The actual possession necessary for ALO to secure the relief it seeks (an order requiring Dring/Asaro to commence an action in ejectment against ALO), cannot be established by virtue of ALO's deed.

15. The Court lacks jurisdiction because ALO has not averred facts which establish that it is in actual possession of the disputed area.

16. ALO is not in actual possession of the disputed area.

17. ALO has not exercised dominion and control over the disputed area.

18. The presence of water on the disputed area does not establish that it is possessed by ALO or that ALO has exercised dominion and control over the disputed area.

WHEREFORE, defendants Dring/Asaro request that the Complaint to Quiet Title filed by plaintiff ALO be dismissed, with prejudice.

Timoney, Knox, Hasson & Weand, L.L.P.

By: _____
Jeremiah J. Cardamone, Esquire
Atty. I.D. No. 01989

400 Maryland Drive
P.O. Box 7544
Ft. Washington, PA 19034-7544
(215) 646-6000

Attorneys for Defendants, Lori Dring and
Nancy Asaro

28979-1                                   5

## VERIFICATION

I, LORI DRING, state under the penalties provided by 18 Pa. C.S. §4904 (unsworn falsification to authorities) that I am a party to the above-captioned action, and the facts contained in the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that false statements in the foregoing will subject me to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Dated: 9·22·99

Lori Dring

## VERIFICATION

I, NANCY ASARO, state under the penalties provided by 18 Pa.
C.S. §4904 (unsworn falsification to authorities) that I am a
party to the above-captioned action, and the facts contained in
the foregoing document are true and correct to the best of my
knowledge, information and belief.  I understand that false
statements in the foregoing will subject me to the penalties of
18  Pa. C.S. §4904, relating to unsworn falsification to
authorities.

Nancy Asaro

Dated: 9/21/98

IN THE COURT OF COMMON PLEAS OF THE 22ND JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA
COUNTY OF WAYNE

| | |
|---|---|
| ARIEL LAND OWNERS, INC., <br> PLAINTIFF | : CIVIL ACTION <br> : <br> : ACTION TO QUIET TITLE <br> : |
| v. | : |
| LORI DRING and NANCY ASARO, <br> DEFENDANTS | : NO: 188-C-1999 <br> : <br> : |

## CERTIFICATE OF SERVICE

I, Jeremiah J. Cardamone, Esquire, hereby certify that a true and correct copy of Answer

And New Matter Of Defendants Lori Dring And Nancy Asaro was served by First Class Mail,

Postage Prepaid upon Michael P. Lehutsky, Esquire, counsel of record for Ariel Land Owners,

Inc., at 921 Main Street, Honesdale, PA 18431 on September 24, 1999.

TIMONEY, KNOX, HASSON & WEAND, L.L.P.

By:

Jeremiah J. Cardamone, Esquire
Attorney for Defendants, Lori Dring and Nancy Asaro
Attorney I.D. No. 01989
400 Maryland Drive
P.O. Box 7544
Ft. Washington, PA 19034-7544
(215) 540-2628  Fax (215) 646-5679



ALL-STATE LEGAL  800-222-0510    E0511    RECYCLED

## In The Court Of Common Pleas of the 22nd Judicial District
## Commonwealth of Pennsylvania
## County Of Wayne

| | | |
|---|---|---|
| ARIEL LAND OWNERS, INC., | : | CIVIL ACTION |
| PLAINTIFF | : | ACTION TO QUIET TITLE |
| VS. | : | |
| LORI DRING AND NANCY ASARO, | : | NO. 188- CIVIL -1999 |
| DEFENDANTS | : | |

## NOTICE TO DEFEND

### TO THE WITHIN NAMED PLAINTIFFS(S):

#### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the defendant(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

NORTHERN PA LEGAL SERVICES, INC.
WAYNE COUNTY COURT HOUSE
COURT STREET
HONESDALE, PENNSYLVANIA
(717) 253-1031

**MICHAEL P. LEHUTSKY, ESQ.**
**Attorney for Plaintiff**

## In The Court Of Common Pleas of the 22nd Judicial District
### Commonwealth of Pennsylvania
### County Of Wayne

ARIEL LAND OWNERS, INC.,  :  CIVIL ACTION

   PLAINTIFF    :  ACTION TO QUIET TITLE

VS.         :

LORI DRING AND NANCY ASARO, :  NO. 188- CIVIL -1999

   DEFENDANTS   :

## ORDER

**AND NOW** to wit this _____ day of _____, 2000, upon and after arguments of counsel and due consideration it is hereby;

**ORDERED AND DECREED** that the Plaintiff's Motion for leave to amend the complaint in this matter is hereby **GRANTED**. The Plaintiff is directed to file the amended complaint attached to its motion and serve it upon counsel for the Defendants forthwith.

By the Court:

_____

**ROBERT J. CONWAY, P.J.**

cc. Garry S. Taroli, Esq.
  Michael Profitta, Esq.
  Michael P. Lehutsky, Esq.

## In The Court Of Common Pleas of the 22nd Judicial District
## Commonwealth of Pennsylvania
## County Of Wayne

| | | |
|---|---|---|
| ARIEL LAND OWNERS, INC., | : | CIVIL ACTION |
| PLAINTIFF | : | ACTION TO QUIET TITLE |
| VS. | : | |
| LORI DRING AND NANCY ASARO, | : | NO. 188- CIVIL -1999 |
| DEFENDANTS | : | |

## RULE RETURNABLE

**AND NOW**, to wit this _____ day of _____, 2000, upon consideration of the within Motion to Amend Complaint, a rule is entered upon the Defendants, Lori Dring and Nancy Asaro, to show cause why the complaint in the above case should not be amended as requested by the Plaintiff:

**THIS RULE RETURNABLE** for answer and hearing, if necessary, the _____ day of _____, 2000, at _____ o'clock in Courtroom _____, Wayne County Courthouse, Honesdale, Pennsylvania.

By the Court:

_____
**ROBERT J. CONWAY, P.J.**

cc. Gary S. Taroli, Esq.
    Michael Profitta, Esq.
    Michael P. Lehutsky, Esq.

# In The Court Of Common Pleas of the 22nd Judicial District
## Commonwealth of Pennsylvania
## County Of Wayne

| | | |
|---|---|---|
| ARIEL LAND OWNERS, INC., | : | CIVIL ACTION |
| PLAINTIFF | : | |
| | : | ACTION TO QUIET TITLE |
| VS. | : | |
| LORI DRING AND NANCY ASARO, | : | |
| | : | NO. 188- CIVIL -1999 |
| DEFENDANTS | : | |

## MOTION TO AMEND COMPLAINT

**AND NOW**, comes the Plaintiff, Ariel Land Owners, Inc. by and through its attorney, Michael P. Lehutsky, Esq. and make the following Motion to Amend Complaint pursuant to Pa. R.C.P. No. 1033, averring in support thereof as follows:

1. Plaintiffs action to quiet title was brought in it original form because of the ambiguity of the property description contained in the Defendants' "Corrective Deed" dated August 25, 1998 and recorded in Wayne County Record Book 1418 at Page 139.

2. Discovery this far has confirmed that the Defendants view the "Corrective Deed" as a source of an interest of the Plaintiffs property.

3. Defendants have asserted alleged limitations in the scope of actions brought under Pa. R.C.P. NO. 106(b)(1) as a basis for refusing to comply with Plaintiff's reasonable and proper discovery requests.

4. In discovery responses, Defendants have stated that Plaintiff's reasonable and proper discovery requests are irrelevant to this action until such time as it is converted into a proceeding intended to directly establish title.

5.  Although Plaintiff disputes the propriety of the Defendants objections, it would rather amend the Complaint, than expend the courts resources in compelling discovery and continuing an academic debate over the proper scope of the action.

6.  The Plaintiff request leave to amend the complaint in this matter to include request for relief pursuant to Pa. R.C.P. No. 1061(b)(2) and 1061(b)(3).  A copy of the Plaintiff's Proposed Amended Complaint is attached hereto as EXHIBIT A.

7.  Plaintiff believes that the interest of a just, efficient, and speedy resolution of this matter will be advanced by allowing the amendment of the complaint herein, and that it will not prejudice the interest of the Defendants.

**WHEREFORE,** the Petitioner/Plaintiff, Ariel Land Owners, Inc., respectfully requests leave to amend the complaint filed in this matter as herein averred.

Respectfully submitted,

**MICHAEL P. LEHUTSKY, ESQ.**
**ATTORNEY FOR PLAINTIFF**

# The Following is Exhibit A

# In The Court Of Common Pleas of the 22nd Judicial District
## Commonwealth of Pennsylvania
### County Of Wayne

| | | |
|---|---|---|
| ARIEL LAND OWNERS, INC., | : | CIVIL ACTION |
| PLAINTIFF | : | ACTION TO QUIET TITLE |
| VS. | : | |
| LORI DRING AND NANCY ASARO, | : | NO. 188- CIVIL -1999 |
| DEFENDANTS | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of August, 2000, I have served true and correct copies of the foregoing **Plaintiff's Motion to Amend Complaint** upon the Attorney for the Defendants, LORI DRING and NANCY ASARO, by United States Mail, First Class, postage prepaid addressed as follows:

Garry S. Taroli, Esq.
Rosenn, Jenkins & Greenwald, L.L.P.
15 South Franklin Street
Wilkes-Barre, PA  18711


Michael Profita, Esq.
Huttle Profitta, L.L.C.
Glen Pointe Center West
Teaneck, NJ  07666


**MICHAEL P. LEHUTSKY, ESQ.**
**ATTORNEY FOR PLAINTIFF**
**ARIEL LAND OWNERS, INC.**


Transmission Report

Date/Time                                    10- 3-00; 9:55AM
Local ID                                          5708317212
Local Name                                             RJG4th
Company Logo                                      G8M053647

# This document was confirmed.
## (reduced sample and details below)
# Document Size    Letter-S

# FAX

Rosenn, Jenkins & Greenwald, L.L.P.
15 South Franklin Street
Wilkes-Barre, PA 18711
Tel: (570) 826-5600
Fax: (570) 826-5640

**Recipient:**
To:                     Joseph Asaro
Company:
Fax #:                  1-973-777-6194
Total # of pages
(Including cover sheet):    11

**Sender:**
From:                   Garry S. Taroli
Date:                   October 3, 2000
File #:                 340-1
Direct:
Tel #                   570-826-5662
Fax #                   570-831-7212
E-Mail                  gst@rjglaw.com

**Original:**
by 1st Class Mail        ☐
by Hand Delivery         ☐
by Express Mail          ☐
Not sent                 X

**Message to recipient:**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED AND
MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE
UNDER APPLICABLE LAW.

IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT
RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS
STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US
IMMEDIATELY BY TELEPHONE, AND RETURN THE ENTIRE DOCUMENT TO US AT THE ABOVE ADDRESS
VIA THE U.S. POSTAL SERVICE. THANK YOU.

Total Pages Scanned  : 11' Total Pages Confirmed : 11'

| No. | Doc | Remote Station | Start Time | Duration | Pages | Mode | Comments | Results |
|-----|-----|----------------|------------|----------|-------|------|----------|---------|
| 1 | 089 | 1310#00340#001#19737 | 10- 3-00; 9:51AM | 3'54" | 11/ 11 | EC | | CP 9600 |

** Notes **
EC: Error Correct          RE: Resend           PD: Polled by Remote        MB: Receive to Mailbox
BC: Broadcast Send         MP: Multi-Poll       PG: Polling a Remote        PI: Power Interruption
CP: Completed              RM: Receive to Memory  DR: Document Removed       TM: Terminated by user
LS: Local Scan             LP: Local Print      FO: Forced Output           WT: Waiting Transfer

# FAX

**Rosenn, Jenkins & Greenwald, L.L.P.**
**15 South Franklin Street**
**Wilkes-Barre, PA  18711**
**Tel: (570) 826-5600**
**Fax: (570) 826-5640**

**Recipient:**

| | |
|---|---|
| To: | Joseph Asaro |
| Company: | |
| Fax #: | 1-973-777-6194 |
| Total # of pages | |
| (Including cover sheet): | 11 |

**Sender:**

| | |
|---|---|
| From: | Garry S. Taroli |
| Date: | October 3, 2000 |
| File #: | 340-1 |
| <u>Direct</u>: | |
| Tel # | 570-826-5662 |
| Fax # | 570-831-7212 |
| E-Mail | gst@rjglaw.com |

**Original:**

| | |
|---|---|
| by 1ˢᵗ Class Mail | ☐ |
| by Hand Delivery | ☐ |
| by Express Mail | ☐ |
| Not sent | X |

**Message to recipient:**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ENTIRE DOCUMENT TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.



ALL-STATE® LEGAL  800-222-0510   ED91·    RECYCLED

IN THE COURT OF COMMON PLEAS OF THE 22ND JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA
COUNTY OF WAYNE

| | | |
|---|---|---|
| ARIEL LAND OWNERS, INC., | : | |
| | : | CIVIL ACTION |
| PLAINTIFF | : | |
| | : | ACTION TO QUIET TITLE |
| VS. | : | |
| | : | |
| LORI DRING and NANCY ASARO, | : | |
| | : | |
| DEFENDANTS | : | NO. 188-C - 1999 |

### REPLY TO PLAINTIFF'S
### MOTION TO AMEND COMPLAINT

AND NOW, comes the Defendants, LORI DRING and NANCY ASARO, by and through their attorneys, Rosenn, Jenkins & Greenwald, L.L.P. and Huttle Profita, L.L.C., and present to this Honorable Court this Reply to Plaintiff's Motion to Amend Complaint, and in support thereof aver as follows:

1.     Denied.  Defendants are without sufficient knowledge or information so as to formulate a belief as to the truth of said averment which is therefore deemed denied without the necessity of a further responsive pleading.

2.     Admitted in part and denied in part.  Defendants admit that the "Corrective Deed" is part of a source of an interest in the Defendants' property, and as to the remainder of this averment Defendants are without sufficient knowledge or information so as to formulate a belief as to the truth of said averment which is therefore deemed denied without the necessity of a further responsive pleading.

3.     Admitted in part and denied in part.  It is admitted that Defendants have asserted limitations in the scope of actions brought under Pa. R.C.P. 1061(b)(1) as a basis for refusing to comply with Plaintiff's discovery requests.  However, it is specifically denied that Plaintiff's discovery requests are either reasonable or proper as these requests do not in any way relate to the cause of action asserted by Plaintiff in its Complaint under Pa. R.C.P. 1061(b)(1).

4.     Admitted in part and denied in part.  It is admitted that Defendants have stated that Plaintiff's discovery requests are irrelevant to the instant action until such time as an action is brought to directly establish title to the disputed property.  However, it is specifically denied that Plaintiff's requests are either reasonable or proper since such requests are not in any way related to the cause of action asserted by Plaintiff in its Complaint under Pa. R.C.P. 1061(b)(1).

5.     Denied.  Defendants are without sufficient knowledge or information so as to formulate a belief as to the truth of said averment which is therefore deemed denied without the necessity of a further responsive pleading.

283401.1

COPY

2-14-01;11:06AM;RJG, L.L.P.                                    ;570 831 7215              #  3/  5

6.      Denied.  Defendants are without sufficient knowledge or information so as to formulate a belief as to the truth of said averment which is therefore deemed denied without the necessity of a further responsive pleading.  By way of further answer, Plaintiff's proposed Amended Complaint which is attached to Plaintiff's Motion to Amend Complaint as Exhibit  A  is a document which speaks for itself and Defendants deny Plaintiff's characterization of such document.

7.      Denied.  Defendants are without sufficient knowledge or information so as to formulate a belief as to the truth of said averment which is therefore deemed denied without the necessity of a further responsive pleading.  By way of further answer, this Honorable Court should deny Plaintiff's Motion to Amend its Complaint since allowing the amendment will prejudice Defendants, is against positive rule of law and would cause delay and waste the resources of this Honorable Court as well as Defendants.

WHEREFORE, Defendants, LORI DRING and NANCY ASARO, respectfully request that this Honorable Court deny Plaintiff's Motion to Amend the Complaint filed in this matter and make such other orders and decrees with respect thereto as this Honorable Court deems just and appropriate.

Respectfully submitted,

ROSENN, JENKINS & GREENWALD, L.L.P.

BY: _____

GARRY S. TAROLI, ESQUIRE
Attorney I.D. No. 30159
15 South Franklin Street
Wilkes-Barre, PA 18711
(570) 826-5600

and

HUTTLE PROFITA, L.L.C.
MICHAEL PROFITA, ESQUIRE
500 Glen Pointe Center West
Teaneck, NJ 07666

Attorneys for Defendants

283401.1

2-14-01;11:08AM;ROG, L.L.P.                                    ;970 851 7215    # 47  5

Sep-29-00 12:03  POLYC                        973 777 6194              P.02

IN THE COURT OF COMMON PLEAS OF THE 22ND JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA
COUNTY OF WAYNE

ARIEL LAND OWNERS, INC.,          :          CIVIL ACTION
                                  :
PLAINTIFF                         :          ACTION TO QUIET TITLE
                                  :
VS.                               :
                                  :
LORI DRING and NANCY ASARO,       :
                                  :
DEFENDANTS                        :          NO. 188-C - 1999

### VERIFICATION

NANCY ASARO hereby deposes and says that she is the Defendant in the foregoing action; that as such she is authorized to execute this Verification on its behalf; further, that she has read the foregoing Reply to Motion to Amend Complaint and that the facts contained therein are true and correct to the best of her knowledge, information and belief. This Verification is made subject to the penalties of 18 Pa. C.S.A. 64904 relating to unsworn falsifications to authorities.

                                        _____
                                        NANCY ASARO

DATE: 9/29/00

2829841

No.128  P.1              SEP.29.2000  11:22AM  AMERICAN RED CROSS

2-14-01;11:08AM;RJG, L.L.P.

Sep-29-00 10:38  POLYGON                           973 777 6194              P.01

IN THE COURT OF COMMON PLEAS OF THE 22ND JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA
COUNTY OF WAYNE

ARIEL LAND OWNERS, INC.,         :
                                 :
            PLAINTIFF            :          CIVIL ACTION
                                 :
            VS.                  :      ACTION TO QUIET TITLE
                                 :
LORI DRING and NANCY ASARO,      :
                                 :
            DEFENDANTS           :          NO. 188-C – 1999

### VERIFICATION

LORI DRING hereby deposes and says that she is the Defendant in the foregoing action; that as such she is authorized to execute this Verification on its behalf; further, that she has read the foregoing Reply to Motion to Amend Complaint and that the facts contained therein are true and correct to the best of her knowledge, information and belief. This Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsifications to authorities.

DATE: 9/29/00          LORI DRING

282984.1



FEB 0 2 2001

## IN THE COURT OF COMMON PLEAS OF THE 22ND JUDICIAL DISTRICT
## COMMONWEALTH OF PENNSYLVANIA
## COUNTY OF WAYNE

ARIEL LAND OWNERS, INC.,  :
    Plaintiff

                       :

VS.  :

LORI DRING and NANCY ASARO,  :
    Defendants

                       :   No: 188-1999-CIVIL

## O R D E R

AND NOW, to wit, this ___26th___ day of January, 2001, upon consideration of the

Plaintiff's Motion for Leave to Amend Complaint, it is the ORDER of this Court that said Motion

is HEREBY GRANTED.

BY THE COURT

/s/ Harold A. Thomson, Jr.
Harold A. Thomson, Jr.
President Judge
60th Judicial District
Specially Presiding

cc:   Michael Lehutsky, Esquire
      Jeremiah J. Cardamone, Esquire
      L. Malakin, Admin. Ass't., Wayne Co.
      Colleen Kellam, Pike Co. Court Administrator

CERTIFIED FROM
THE RECORD

JAN 2 9 2001

PROTHONOTARY & CLERK



# In The Court Of Common Pleas of the 22nd Judicial District
## Commonwealth of Pennsylvania
### County Of Wayne

| | | |
|---|---|---|
| ARIEL LAND OWNERS, INC., | : | CIVIL ACTION |
| PLAINTIFF | : | |
| VS. | : | ACTION TO QUIET TITLE |
| LORI DRING AND NANCY ASARO, | : | |
| DEFENDANTS | : | NO. 188- CIVIL -1999 |

## NOTICE TO DEFEND

**TO THE WITHIN NAMED PLAINTIFFS(S):**

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the defendant(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

NORTHERN PA LEGAL SERVICES, INC.
WAYNE COUNTY COURT HOUSE
COURT STREET
HONESDALE, PENNSYLVANIA
(717) 253-1031

CERTIFIED FROM
THE RECORD

FEB 1 2 2001

PROTHONOTARY & CLERK

**MICHAEL P. LEHUTSKY, ESQ.**
**Attorney for Plaintiff**

𝕴𝖓 𝕿𝖍𝖊 𝕮𝖔𝖚𝖗𝖙 𝕺𝖋 𝕮𝖔𝖒𝖒𝖔𝖓 𝕻𝖑𝖊𝖆𝖘 of the 22nd 𝕵𝖚𝖉𝖎𝖈𝖎𝖆𝖑 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙
𝕮𝖔𝖒𝖒𝖔𝖓𝖜𝖊𝖆𝖑𝖙𝖍 𝖔𝖋 𝕻𝖊𝖓𝖓𝖘𝖞𝖑𝖛𝖆𝖓𝖎𝖆
𝕮𝖔𝖚𝖓𝖙𝖞 𝕺𝖋 𝖂𝖆𝖞𝖓𝖊

| | | |
|---|---|---|
| ARIEL LAND OWNERS, INC., | : | CIVIL ACTION |
| PLAINTIFF | : | ACTION TO QUIET TITLE |
| VS. | : | |
| LORI DRING AND NANCY ASARO, | : | |
| DEFENDANTS | : | NO. 188- CIVIL -1999 |

## AMENDED COMPLAINT IN QUIET TITLE

AND NOW COMES, Plaintiff, Ariel Land Owners, Inc., by and through its attorney, Michael P. Lehutsky, Esq. and makes the following Complaint is quiet title averring in support thereof as follows:

### COUNT I

1. The Plaintiff is Ariel Land Owners, Inc., a Pennsylvania corporation maintaining an address within this Commonwealth at P.O. Box 503, Lake Ariel, PA 18436

2. Defendant, Lori Dring, is an adult individual residing at 29 Sleepy Hollow Drive, Oak Ridge, New Jersey 07438.

3. Defendant, Nancy Asaro, is an adult individual residing at 28 Trenton Terrace, Wayne, New Jersey 07470.

4. Pursuant to a certain deed from A.J. Schrader, et al. recorded in Wayne County Deed Book 221 at page 292, the Plaintiff is the owner of various real property situate in Lake Township, Wayne County, PA, including but not limited to, that certain body of water commonly known as Lake Ariel and Mud Pond. A true and correct copy of said deed is attached hereto as EXHIBIT A and is incorporated herein by reference as if fully set forth at length.

5.  Pursuant to EXHIBIT A the Plaintiff is in actual possession of and has exercised dominion and control over the entire body of water commonly known as Lake Ariel and Mud Pond from a high-water mark of at or about 1,425.9 feet above sea level to any lower elevation.

6.  On or about September 13, 1996, the Defendants became owners of a parcel of property adjoining that of the Plaintiff and being more particularly described in the deed from Robert M. Swingle et ux., et al. recorded in Wayne County Record Book 1176 at Page 197.  A true and correct copy of said deed is attached hereto as EXHIBIT B and is incorporated herein by reference.

7.  On or about August 25, 1998, the Defendants obtained a "Corrective Deed" from Robert M. Swingle, et ux., et al. which purports to convey title to lands lying between the prior grant of September 13, 1996 and the "historic margin of said bodies of water known as Marsh Pond (now Mud Pond) and Jones Pond (now Lake Ariel) and the channel or stream connecting them."  Said corrective deed is recorded in Wayne County Record Book 1418 at Page 139.  A true and correct copy of said "Corrective Deed" is attached hereto as EXHIBIT C and is incorporated herein by reference.

8.  As part of a verified petition to intervene filed on September 29, 1998, in prior consolidated litigation involving the Plaintiff and other individuals, the Defendants alleged ownership of a portion of the property possessed and owned by the Plaintiff pursuant to Exhibit C.  Said area purportedly consisted of premises situate between the so-called "historic margin" of the bodies of water in issue and the high-water mark of 1,425.9 feet.

9.  The location of the so-called "historic margin" of the bodies of water in question has not been specified or defined by the Defendants in Exhibit C or otherwise.

10.  Despite the lack of particularity in Exhibit C, the Plaintiff is in actual possession of and asserts title to, the bodies of water in question from a high-water elevation of at or about 1,425.9 feet above sea level to any lower point.

11. As a result of the ambiguity in the term "historic margin" as used by the Defendants, the Plaintiff is unable to fully ascertain the extent to which the Defendants dispute the Plaintiff's ownership and possession of the bodies of water in question from the high-water elevation of at or about 1,425.9 feet above sea level to any lower point.

12. As a result of the ambiguous nature of the Defendants' claims it is appropriate for the court to issue an order pursuant to Pa. R.C.P. No. 1061(b)(1) compelling the Defendants to appropriately define and set forth the extent to which their claims challenge the ownership and possession of the Plaintiff by means of commencing an action of ejectment.

**WHEREFORE,** the Plaintiff, Ariel Land Owners, Inc., respectfully requests that judgment be entered against the Defendants as follows:

(a) That an order be made decreeing that fee simple title to the property described and depicted in EXHIBIT A and B attached hereto is in the Plaintiff;

(b) That an order be made forever barring the Defendants herein named, and any and all persons claiming by, under or through them from asserting any right , title or interest in and to the premises herein described in consistent with the interest or claim of the Plaintiff, unless the Defendants takes such action as the order directs within thirty (30) days thereafter; and that the Plaintiff be declared the owner in fee simple of the premises described in EXHIBITS A and B attached hereto;

(c) That an order be made compelling the Defendants herein named to commence an action of ejectment against the Plaintiff within thirty (30) days from the date of said order or be forever barred from possessing the premises herein described.

(d) That any instrument, or part thereof, and upon which Defendants may rely in support of any claims of alleged ownership or interest in the said premises, including but not limited to the "Corrective Deed" alleged herein be determined invalid or canceled and that the Defendants be ordered to file with the Recorder of Deeds any instruments required to effectuate and place on record the foregoing court determination.

(e) That such other and further orders as are necessary for the granting of proper relief to the Plaintiffs herein be made as the case may require or as the court may deem proper.

## COUNT II

13.   The averments contained in paragraphs one (1) through twelve (12) hereof are incorporated herein by reference as if fully set forth at length.

14.   As a result of the foregoing, it is appropriate for this Honorable Court to determine the validity or invalidity of the Defendants' "Corrective Deed" dated August 25, 1998, a true and correct copy of which is attached hereto as EXHIBIT C, said relief being requested pursuant to Pa. R.C.P. No. 1061(b)(2).

**WHEREFORE**, the Plaintiff, Ariel Land Owners, Inc., respectfully requests that judgment be entered against the Defendants as follows:

(a)   That an order be made decreeing that fee simple title to the property described and depicted in EXHIBIT A and B attached hereto is in the Plaintiff;

(b)   That an order be made forever barring the Defendants herein named, and any and all persons claiming by, under or through them from asserting any right , title or interest in and to the premises herein described in consistent with the interest or claim of the Plaintiff, unless the Defendants takes such action as the order directs within thirty (30) days thereafter; and that the Plaintiff be declared the owner in fee simple of the premises described in EXHIBITS A and B attached hereto;

(c)   That an order be made compelling the Defendants herein named to commence an action of ejectment against the Plaintiff within thirty (30) days from the date of said order or be forever barred from possessing the premises herein described.

(d)   That any instrument, or part thereof, and upon which Defendants may rely in support of any claims of alleged ownership or interest in the said premises, including but not limited to the "Corrective Deed" alleged herein be determined invalid or canceled and that the Defendants be ordered to file with the Recorder of Deeds any instruments required to effectuate and place on record the foregoing court determination.

(e)   That such other and further orders as are necessary for the granting of proper relief to the Plaintiffs herein be made as the case may require or as the court may deem proper.

## COUNT III

15.  The averments contained in paragraphs one (1) through fourteen (14) hereof are incorporated herein by reference as if fully set forth at length.

16.  As a result of the foregoing, it is appropriate for this Honorable Court to issue an order canceling the "Corrective Deed" of the Defendants' attached thereto as Exhibit C and further issuing an order compelling the Defendants to admit the invalidity of the "Corrective Deed" attached hereto as Exhibit C to the extent it purportedly conveys any interest or rights in or to the property of the Plaintiff, said relief being requested pursuant to Pa R.C.P. No. 1061(b)(3).

**WHEREFORE**, the Plaintiff, Ariel Land Owners, Inc., respectfully requests that judgment be entered against the Defendants as follows:

(a)  That an order be made decreeing that fee simple title to the property described and depicted  in EXHIBIT A and B attached hereto is in the Plaintiff;

(b)  That an order be made forever barring the Defendants herein named, and any and all persons claiming by, under or through them from asserting any right , title or interest in and to the premises herein described in consistent with the interest or claim of the Plaintiff, unless the Defendants takes such action as the order directs within thirty (30) days thereafter; and that the Plaintiff be declared the owner in fee simple of the premises described in EXHIBITS A and B attached hereto;

(c)  That an order be made compelling the Defendants herein named to commence an action of ejectment against the Plaintiff within thirty (30) days from the date of said order or be forever barred from possessing the premises herein described.

(d)  That any instrument, or part thereof, and upon which Defendants may rely in support of any claims of alleged ownership or interest in the said premises, including but not limited to the "Corrective Deed" alleged herein be determined invalid or canceled and that the Defendants be ordered to file with the Recorder of Deeds any instruments required to effectuate and place on record the foregoing court determination.

(e)   That such other and further orders as are necessary for the granting of proper relief to the Plaintiffs herein be made as the case may require or as the court may deem proper.

Respectfully submitted,

MICHAEL P. LEHUTSKY, ESQ.
ATTORNEY FOR THE PLAINTIFF

# The Following Is Exhibit A

# The Following Is Exhibit B

The Following Is Exhibit C

The Following is Exhibit A

PENNSYLVANIA STATE STAMP $9.00 CANCELLED.

AND the said Grantor hereby specially warrant the property hereby conveyed.
IN WITNESS WHEREOF, the said grantors have hereunto set their hands and seals, the
day and year first above written.

SIGNED, SEALED AND DELIVERED

    IN THE PRESENCE OF

Macy J. Wacks,

                       Rudy Koelsch            (L.S.)

                       Katherine Koelsch     IL.S.)

COMMONWEALTH OF PENNSYLVANIA :
                        : SS
COUNTY OF LUZERNE. :

    On this, the 4th. day of September, 1963, before me, a Notary Public, the under-
signed officer, personally appeared Rudy Koelsch, and Katherine Koelsch, his wife known
to me (or satisfactorily proven) to be the persons whose names are subscribed to the
within instrument, and acknowledged that they executed the same for the purpose therein
contained.

    IN WITNESS WHEREOF, I have hereunto set my hand and Notarial seal.

                        Macy J. Wacks
                        Pittston, Pa. Notary Public,    )SEAL)
                        Comm. xps. Mar.6,1965

    Recorded in the office for the Recording of Deeds in and for Wayne County in Deed
book 221, page 291. Witness my hand and seal this 5th. day of June, A.D. 1964, at
12:24 P.M.

                        L. Byron Davis, Recorder, (SEAL)

A. J. SCHRADER, UX. AL.
       TO
ARIEL LAND OWNERS INCORPORATED.

                     THIS INDENTURE Made the 20 day of
                     April, 1964, between A. J. SCHRADER
                     and FLORENCE SCHRADER, his wife, of
                     Roaring Brook Township, Lackawanna
                     County, Pennsylvania, and GEORGE W. HUSS,
and ELIZABETH HUSS, his wife, of Ringtown, Schuylkill County, Pennsylvania, hereinafter
called the "Grantors" and ARIEL LAND OWNERS INCORPORATED a Pennsylvania corporation,
having its principal place of business at Lake Ariel, Pennsylvania, hereinafter called the
"Grantee"

    WITNESSETH, That the Grantor for and in consideration of the sum of Eighty-two
Thousand ($82,000) Dollars, lawful money of the United States of America, well and
truly paid by the Grantee at and before the ensealing and delivery of these presents,
the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, enfeoffed,

released, convey- and confirmed, and these presents, does grant,    ain, sell, alien
enfeoff, release    vey and confirm unto the said Grantee, its a    ors and Assigns.

FIRST PARCE    All those certain pieces or parcels of land,    of land covered
with water, situate in the Township of Lake, County of Wayne, and State of Pennsylvania
numbered hereinafter as from November 1, to 10;  inclusive and separately and specifically
described  as follows:

No. 1. All of a certain parcel of land and of land covered with water, known originally
as "Jones Pond"    and "Marsh Pond"    and in recent years as "Lake Ariel"  The Boundary
thereof following the shore line of said lake as said ;shore line is defined in the several
deeds conveying lands bordering on said Lake, from the common owners of said Lake; and
of land surrounding it. The body of water in said pond of Lake covering  approximately
three hundred (300)   acres of land and including an Island in said Lake near the
Southerly shore thereof, known as "Dunman's Island".  Being parts:

(a)  of three original surveys or warrants in the names of George Wicker, Jr. Moses
Gibson  and Israel or Isaac Shaw, respectively, which the Commonwealth by patents dated
the 27th.  and 13th. of June, 1815,   and enrolled in Patent Book H. Vol. 12, Page 98
,106,   and 166 confirmed to

(b)  Edward Tilghman, and which the said Edward Tilghman by his last will and
testament, dated November 19, 1814,  and filed in the office of the Register of Wills for
the City  and County of Philadelphia, devised to his wife, Elizabeth Tilghman, By deed
dated October 18, 1828,  and recorded in Wayne County in Deed Book No. 6, page 360,
granted and conveyed to

(c)  Thomas Cadwalader and which the said Thomas Cadwalader by his last will and
Testament, dated February 12, 1835,   republished November 16,  1837,  and recorded in the
Office of the Register of Wills for the City and County of Philadelphia, devised to his
wife, Mary Cadwalader, and a part of which, including the first parcel of land conveyed by
this indenture.

(d)  George Cadwalader, executor of the last Will and Testament of Mary Cadwalader,
by deed bearing date April 29, 1872 and recorded  in Wayne County in Deed Book No. 41,
page 379,  granted  and conveyed by virtue of a power granted to him in said will, to

(e)  John Torrey, and which the said John Torrey, by deed dated December 12, 1877, and
recorded in Wayne County in Deed Book No. 51,  page 562,  granted and conveyed to

(f)  Simon Swingle, and which the said Simon Swingle, at al,  by  deed dated July
15,1867,  and recorded in Deed Book No. 64, page 360,  granted and conveyed to

(g)  Charles E. Mills, and which the said Charles E. Mills, et ux., by deed dated
April 8, 1896  and recorded in Deed Book No. 80, page 25, al granted and conveyed to

(h)  Charles H. Schadt  and P. J. Horan. Any portion of said body of water, if any,
not included in  the said deed from John Torrey to Simon Swingle,  is included in the
deed from Delinda Jones,  et al., to Simon Swingle, and set forth in No 2 of this Indenture.

No. 2:  ALL  that certain lot or parcel of land and  of land conveyed with water,
bounded and described as follows:

BEGINNING   at a stake and stones on the east side of the so-called Jones Pond,
about one hundred (100) feet from the West line of land conveyed by Elizabeth Tilghman to
Asa Jones by deed dated June 3, 1820,   and recorded in the office for recording  deed,
etc,  in and for the County of Wayne in Deed Book No. 8, page 111 and 112;  thence
south sixty-one (61) degrees twelve (12) minutes east thirty-five (35) feet to a rock for
a corner;  thence south eighteen (18) degrees thirty-five (35) minutes east five hundred
and sixteen (516)  feet to a stake and stones corner;  thence south sixty-three (63) deg-
rees ten (10) minutes west, one hundred eighty-four  and one-half (184½) feet to a stake
and stones corner ,in the line of land of H. M. Polley's Estate;  thence along the
line of said Polley's land north eighty-nine (89) degrees thirty (30) minutes west six

hundred and fifty (50) feet to a corner in the margin of said pond,
lands of Charles E.         aforesaid;    thence in a Northwesterly direction,
of lands of said Charles E. Mills, following the margin of the pond, its several courses
and distances, around "Outlet Pond"  to a point at the outlet in the line first above described from Elizabeth Tilghman to Asa Jones;   thence along the said line, north thirty
(30) minutes east six hundred and thirty-one (631) feet to the margin of the pond at high
watermark   and thence in a southeasterly direction along the shore of the pond at high
water mark its several courses and distances,   about three hundred and fifty (350) feet
more or less to the place of BEGINNING. CONTAINING thirteen and one-half (13½) acres
be the same more or less. Being the same land which:

(a)  Delinda Jones, widow of Joel Jones, and Bryon Jones, and Lucy Jones, his wife
and Reuben P. Jones,  and Abigail, his wife, the said Byron and Reuben P. Jones being
sons and heirs at law of the said Ubel Jones, deceased, by their deed dated Nov. 29
1883,  and recorded in Wayne County in Deed Book No. 63, page 572, etc.  granted
and conveyed to

(b)  Simon Swingle,  and which the said  Simon Swingle, et al. by deed dated July
15, 1887,  and recorded in Wayne County in Deed Book No. 64, page 360, granted and conveyed to

(c)  Charles E. Mills,  together with the right, title, and interest granted to
Simon Swingle,  by the said Delinda Jones, Byron Jones, and Reuben P. Jones, under
ther conveyance, and granted by the said Simon Swingle, et al., to the said Charles E.
Mills,  in and to any and all land owned by the said  Charles E. Mills, in and to any
and all land owned by the said  Delinda Jones,  Byron Jones, and Reuben P. Jones, or any
of them, on either side of said pond between High water mark of the pond and the pond at
any lower mark;   together with also a private right of way as granted by the conveyance
aforesaid, over lands of the said Delinda Jones, Byron Jones, and Reuben P. Jones, or
any of them, from the main road past the barn of Reuben P. Jones, to the old saw mill,
as  the said land or way is now fenced, keeping closed all gates and bars that the
said Delinda Jones, Byron Jones, or Reuben P. Jones, may erect and maintain across said land
for their convenience. The second parcel of land and its appurtenances as conveyed by
this Indenture, to be subject to all the conditions and provisions stated and mentioned
in the said Indenture from Delinda Jones, Byron Jones, and wife, and Reuben P. Jones and
wife, to Simon Swingle,, and from the said Simon Swingle, et al., to the said Charles E.
Mills.

No. 3.  Also all that other certain piece or parcel of land bounded and described
as follows:  BEGINNING  at a point in the line of lands of Richard Snyder on the
margin  of Jones Pond at low water mark;   thence along the shore line of said Jones
Pond at low water mark following the various windings and turnings in a general north-
easterly direction,  about ninety-five (95) rods to a line of land purchased by the said
Charles E. Mills,  from Simon Swingle, and S. L. Dart;  thence along said line south
eighty-nine and one-half (89½) degrees east fifty (50) feet to a corner;  thence in a
line parallel with the said shore line of the said Jones Pond and fifty (50) feet
therefrom, about ninety-five (95) rods in a general southwesterly direction to the
aforesaid line of land of Richard Snyder;  thence along Snyder's line north twenty-
eight and one-quarter (28¼) degrees west fifty (50) feet to the place of Beginning.
CONTAINING  about one (1) acre and one hundred and twenty-seven (127) perches of land.
It being a part of a larger tract which the heirs of Horace M. Polley and Lucy Ann Polley
by their deed dated April 1, 1884,  and recorded in Deed Book No. 60, page 184, granted
and conveyed to

(a)  Orian L. Polley, and which the said Orian L. Polley by deed dated December 31,
1887,  and recorded in Wayne County in Deed Book No. 68, page 348, etc., granted and
conveyed to

(b) Charle    Mills,  the deed of the above premises from    L. Polley, to the said Charles E.   , containing the following clauses: "The true ent and meaning of this conveyance is that it shall convey to the said Charles E, Mills, a strip of land fifty (50) feet in width, lying along the shore of Jones Pond, bounded as the westerly extremity by lands of Richard Snyder, and at the easterly extremity of lands already owned by the said Charles E. Mills.

No. 4. ALL that other certain lot or parcel of land bounded and described as follows:

BEGINNING at a corner in the easterly margin of Lake Ariel; thence along line of lands included in this description conveyed by Ebenezer R. Jones, to John W. Sandercock by deed dated September 21, 1874, ; deed book No. 49, page 208, north forty-three and one-fourth (43¼) degrees east, forty (40) rods to a corner; thence by lands formerly of Ebenezer R. Jones, now of Harry Simpson, south seventeen and one-half (17½) degrees east twenty (20) rods to a corner; thence still by lands of Harry Simpson, north forty (40) degrees east fifty-two (52) rods to a corner; thence along lands formerly of Washington Hoel, south thirty and one-half (30½) degrees east seventy-nine and three-fourths (79-3/4) rods to a corner; thence along line of lands formerly of Reuben P. Jones now of Homer Jones, south eighty-five (85) degrees West thirty-two (32) rods to a stake corner; thence still along Jones' land south forty-five (45) degrees west forty-seven and one-half (47½) rods to the northeasterly corner of a lot of land conveyed by Reuben P. Jones and wife, and Delinda Jones to

(a). Charles E. Mills, by deed of November 1, 1888, Deed Book No. 66, page 323, and included in this description; thence by said lot south nineteen(19) degrees and twelve (12) minutes east forty-nine (49) feet to a stake and stones corner; thence south thirty-nine (39) degrees East sixty(60) feet to a stake and stones corner, thence south fifty-six (56) degrees west two hundred (200) feet to the easterly margin of Lake Ariel; and thence along the easterly margin thereof by its various windings and turnings about seventy and eight-tenths (70.8 ) rods to the place of Beginning. CONTAINING approximately thirty-six (36) acres and sixty-six (66) perches of land, Excepting and Reserving however, from said parcel of land, four (4) separate lots which have hereto been sold and conveyed as follows:

FIRST: A certain triangular shaped lot of land lying along the northerly boundary of the lot hereby conveyed, and described as follows:  BEGINNING at the northwesterly corner of a lot of land leased to B. H. Throop; thence along the line of the Throop lot, north seventy (70) degrees and forty - eight (48) minutes east one hundred seventy (170) feet to a corner; thence north nineteen (19) degrees and twelve (12) minutes west eighty-four (84) feet to a corner; thence along the northerly boundary line aforesaid by lands now of Harry Simpson, south forty-three and one-fourth (43¼) degrees west one hundred ninety and one-half (190½) feet to the place of BEGINNING. CONTAINING approximately seven thousand one hundred and forty (7,140) square feet of land. Being the same lot which Charles E. Mills and wife, by deed dated May, 1890, and recorded in Deed Book, No. 74, page 293, etc. granted and conveyed to John Simpson.

SECOND: A certain triangular shaped lot of land lying along said northern boundary bounded and described as follows:- BEGINNING at a point in said boundary line twenty-five (25) feet northeasterly from the middle of the public road leading from Lake Ariel to Polley's Mills; thence along line of land leased B, H. Throop, north sixty-five and one-fourth (65¼) degrees east two hundred (200) feet to a stake and stones corner; thence still by said Throop's land, thirty and one-fourth (30¼) degrees west eighty (80) feet to a corner in said boundary line; thence by said boundary line, south forty-three and one-quarter (43¼) degrees west two hundred and fifteen (215) feet to the

place of BEGINNING,   C    INING  seven thousand nine hundred and sixty-t    (7,963) feet of land. Being the same    d of which Charles E. Mills and wife  (Jointl   h E. P. Jones and wife) conveyed to the Sue Pear Filley  by deed dated July 4, 1894, and recorded in the Deed Book No. 79, page 358.

THIRD.  A Certain other lot of land included within the boundaries of the lot hereby conveyed, bounded and described as follows:  BEGINNING  at the Northwesterly corner of a lot of land  leased to B. H. Throop,  Trustee, formerly the Hotel Pines Lot, fifty (50) feet from the  easterly margin of Lake Ariel;  thence by the line of said lot, north seventy-two (72)  degrees east two hundred and thirty and nine-tenths (230.9) feet to the westerly margin of a public road  and leading from Lake Ariel  to Salem;  thence along the margin of said road, north fifteen (15)  degrees and eighteen (18) minutes west, one hundred and thirty-seven and one-half (137½)  feet to the southeasterly corner of a lot leased to John F. Scragg;  thence by the line of the said Scragg's lot, south seventy-two (72)  degrees west two hundred and thirty and nine-tenths (230.9) feet to a corner fifty (50) feet distant from the easterly margin of Lake Ariel;  and thence keeping fifty (50) feet from said margin south fifteen (15) degrees and eighteen (18) minutes East one hundred and thirty-seven  and one-half (137½) feet to the place of BEGINNING.  CONTAINING thirty-one thousand six hundred and fifty-eight (31,658) square feet of land, be the same more or less. Said lot of land being conveyed to Flora M. Schadt, Executrix, to Katherine B. Schadt, by two separate deeds,  the first of which is dated May 29, 1917, and recorded in Deed Book No. 109,  page 574,  and the second of which, covering also the  land, conveyed in the first deed, is dated August 31, 1921, and recorded in Deed Book No. 117 page 93, etc.

FOURTH:  A certain other lot of land included within the boundaries of a lot hereby conveyed, bounded and described as follows:  BEGINNING  at a corner in the easterly margin of a public road leading from Lake Ariel to the outlet of Lake Ariel, at the southwesterly corner of a lot of land leased to Margaret C. Throop;  thence along the easterly margin of said road, south nineteen (19)  degrees and twenty-seven (27) minutes east, three hundred eighty-eight  and eight-tenths (388.8) feet to a corner;  thence by land herein conveyed, north sixty-nine (69)  degrees and twenty-one (21)  minutes east  three hundred and twenty-seven and five-tenths (327.5) feet to a corner;  thence by land hereby conveyed, north nineteen (19)  degrees and three (3) minutes west four hundred and thirty-six and three tenths (436.3) feet to corner;  thence by lands of E. P. Jones (Now Harry Simpson) south fifty-five (55)  degrees and forty-seven (47) minutes West seventy-four (74½)  feet to a corner of the said lands leased to Margaret C. Throop; and thence by said lands, south   sixty-three (63)  degrees and thirteen (13) minutes west, two hundred and fifty-seven and five tenths (257.5) feet to the place of Beginning. containing three (3) acres of land, be the same more or less. The said lot of land having been conveyed by Flora M. Schadt, Executrix to Katherine B. Schadt, by two separate  deeds, the first one dated August 30, 1921,  and recorded in Deed Book No. 117, page 93,  and the second one dated August 3, 1922, and recorded in Deed Book No. 118, page 397.  The said parcel of land described in No. 4, of this conveyance having been conveyed to Charles E. Mills, by four separate deeds as follows:

FIRST:  Deed from Washington Hoel to Simon Swingle, for six (6) acres and thirty-eight (38) perches, dated September 8, 1880, and recorded in Deed Book No. 53, page 578, etc.,  and from  the said Simon Swingle  to Charles E. Mills by deed dated July 15, 1887; and recorded in Deed Book  No. 64,  page 360, etc.

SECOND:  Deed from  John W. Sandercook to Simon Swingle, dated March 8, 1881, and recorded in Deed Book No. 53 page 577,  and from the said Simon Swingle, to Charles E. Mills, by deed dated July 15, 1887,  and recorded in Deed Book No. 64, page 369, etc.

This deed carrieth with it running with the land " a certain right .... leading through. lands of Ebenezer Jones (Now Harry S. Simpson) from the lot conv.... to the Township leading to the Cherry Ridge and East Sterling Turnpike. With the provisions that the said private passage shall not be fenced, but that a suitable gate or bars shall be maintained at the point where it meets the said township road. This right of way having been originally granted, in the deed from Ebenezer R. Jones to the said John W. Sandercock.

THIRD: Deed from Washington Hoel to Charles E. Mills dated August 20, 1887 and recorded in Deed Book No. 69, page 113, etc., . This deed contains the following covenant: - "It is agreed by and between the aforesaid parties, their heirs and assigns that each shall build one-half of a line fence on the line between lands of the aforesaid parties."

FOURTH: Deed from Reuben P. Jones, and wife, and Delinda Jones to Charles E. Mills, dated Nov. 1, 1888, and recorded in Deed Book No. 66, page 323, etc. This deed contains a covenant to the effect that Charles E. Mills, His heirs and assigns, shall erect and maintain at their own expense, all of the line fence between the lot conveyed and other lands of the Grantors, and shall be liable for all damages that may accrue by reason of neglect to build and maintain such fence.

No. 5; ALL that certain lot or parcel of land situated in the Village of Ariel, bounded and described as follows: viz. BEGINNING at the northeast corner of Lake Avenue and Maple Avenue in said village of Ariel; thence along said Lake Avenue north sixty (60) degrees and thirty (30) minutes east two hundred and forty-three (243) feet to a corner; thence North twenty-nine (29) degrees and thirty (30) minutes West one hundred and eighty (180) feet to a corner; thence along line between lots numbered twelve (12) and fourteen (14) south sixty (60) degrees and thirty (30) minutes west, two hundred forty-three (243) feet to easterly side of Maple Avenue; thence along said Maple Avenue, south twenty-nine (29) degrees and thirty (30) minutes east one hundred and eighty (180) feet to the place of BEGINNING. CONTAINING one (1) acre and one hundred and eighty (180) square feet of land. Being lots numbered fourteen (14) sixteen (16) and eighteen (18) on Lake Avenue, and one and three one Greene Street together with lots in their rear, as by reference to Village Map of Lake Ariel, will more fully appear. Being what is known as the Lake House Lot, And being a portion of the same lot of land which George Cadwalader, acting executor of Mary Cadwalader, deceased, conveyed to Dwight Mills by deed dated June 3, 1853, and recorded in Wayne County in Deed Book No. 22, page 13, etc., and which the said Dwight Mills by deed dated April 19, 1877 and recorded in Wayne County in Deed Book No. 49, page 329, etc. granted and conveyed to Simon Swingle afores aid, and which the said Simon Swingle, et al, by their deed dated July 15, 1887, and recorded in Wayne County in Deed Book No. 54, page 360, etc. granted and conveyed to Charles E. Mills.

No. 6: Also one other certain piece or parcel of land situate in the Lake Township aforesaid which Richard H. Simons and Byron E. Jones, Guardians of the Minor Children of William Jones' of Salem Township, deceased, by virtue of a decree of the Orphans' Court of Wayne County made October 15, 1887, did by their deed dated December 5, 1887 and recorded in Wayne County in Deed Book No. 69, page 114, etc., granted and conveyed to Charles E. Mills aforesaid, said parcel of land being described as follows:

Beginning at a stone corner on the western margin of Jones Pond; thence by land of Edward . Weston (the grantor to William Jones) north fifty (50) degrees west, two hundred six and one-half (206½) rods to stones corner in the southwestern line of lands contracted to D. and H. Trasler; thence by land and land of Dwight Mills north forty (40) degrees east one hundred nineteen and one-half (119½) rods to a stones corner; thence by land of said Dwight Mills east eighteen and eight-tenths (18.8) rods to a yellow birch tree corner on margin of Jones Pond; thence southward by high water

CCC016

mark along the margin   said pond two hundred and fifty (250) rods or th  abouts to the place of BEGINNING.   NING one (100) acres be the same more or less.  rosing parts of lots numbered two hundred and sixty-one (261) and two hundred and sixty-four (264) in the allotment of   Wilson and as recorded in Deed Book No. 28, page 92.  Excepting a nd Reserving nevertheless, out of the above parcel of land, a certain lot of land known as the Hotel Columbia property, which is bounded and described as follows:  Beginning at a corner in the  center of the public road leading from Lake Ariel, to Hamlin;  thence north sixty-eight (68)  degrees west two hundred and ninety-five  and one-half (295½)  feet to a corner;   thence north fifteen (15)  degrees east  three hundred and thirty-eight and nine-tenths (338.9) feet to a corner;  thence south seventy- six (76)  degrees east two hundred and ninety-five  and one-half (295½)  feet to a corner in the middle of the road;  thence by the middle of said road, south  fifteen (15) degrees west three hundred and thirty-eight and nine-tenths  (338.9) feet to the place of Beginning.  Containing two and three-(2.3) acres, be the same more or less.  Together with the right of  bathing in Lake Ariel, and the right to maintain a pump at the shore of said Lake and convey water by sub-surface pipes from the said lake to the said Hotel Columbia property, as said rights are fully set forth in deed of said property from Flora M. Schadt,  Executrix, to Thomas K. Fadden, dated June 30, 1922,  and recorded in Deed Book No. 118, page 340.  Excepting and reserving also another certain parcel of land bounded and described as follows:

BEGINNING  on the line between what is known as Byron Jones property and the William Jones property at a distance of twelve hundred and twenty-three and nine-tenths ( (1,223.9) feet from the southwesterly corner of the William Jones lot (being the lot here-by conveyed);  thence south seventy-seven (77)  degrees and forty-four (44)  minutes east two hundred and eight and eight-tenths (208.8) feet to a corner;  thence south eighty-three (83) degrees and seventy (70)  minutes east sixty-three and two tenths (63.2) feet to a corner;  thence south nineteen (19)  degrees and thirty-nine (39) minutes each two hundred and fifteen and six-tenths (215.6)  feet to a corner:   thence south twenty: (20) degrees east ninety-eight and three-tenths (98.3) feet to a corner, and thence along the line between the  William Jones and Byron Jones lots,  north forty-four (44)  degrees west about four hundred and ninety (490) feet to the place of Beginning.  Containing approximately eight-tenths (8/10)  of an acre, and including a portion of a small pond.  Being a portion of a larger tract of land which Flora  M. Schadt,  Executrix, by deed dated April 29, 1920,  and recorded in Deed Book No. 113, page 537,  granted and conveyed to

(a)  Rose E. Williams,  The parcel of land conveyed by this Indenture being the same parcel of land which Richard  H. Simons, and Byron E. Jones, Guardians of the minor Children, of William Jones,  deceased by virtue of a decree of the Orphan's court of Wayne County  Made October 15, 1887,  and recorded in Deed Book No. 65, page 114, etc. granted and conveyed to Charles E. Mills.

No. 7.  Also all that other certain lot or parcel of land situate in the Township of Lake, Bounded and described as follows:  Being a triangular piece or parcel of land and bounded on the easterly side, along the line of lands of John Bigart, and on the west side by lands conveyed by deed to said Charles E. Mills, to Jones Lake, R.R. Company for right of way, and on the Northerly side of  lands of the Pennsylvania Coal Company, and containing one (1) acre and ninety-nine hundredths (1.99) acres be the same more or less. Excepting  and reserving  therefrom all the timber and lumber to Christopher W. Miller, with the privilege and right to enter upon the said premises and convey the  same away.

Excepting   and reserving  also from said lot a right of way for railroad purposes granted by the said Charles E. Mills to the Jones Lake R.R. Company, by deed bearing date  September 12, 1887,  and recorded in Wayne County  in Deed Book No. 65, page 210.

the above piece or parcel of land is a part of the same lot or lot of land conveyed by deed from R...t Price to Christopher Miller, dated March 28, ...2, and recorded in Deed Book... page 300, etc. as by reference to the records in Wayne County Will more fully appear. And being the same lot or parcel of land which the said Christopher Miller and wife by deed bearing date February 17,1889, and recorded in Wayne County Deed Book No. 68, page 349, etc. granted and conveyed to the

(a) Said Charles E. Mills, All and every the pieces or parcels of land hereinabove described, excepting such pieces or parcels as are hereinabove excepted and reserved were conveyed by Charles E. Mills and Allie B. Mills, his wife, to

(b) Charles H. Schadt and P. J. Horan by deed dated April 8,1896, and recorded in Wayne County in Deed Book No. 89, Page 25.

NO. 8: ALL that certain lot of land situate in the said Township of Lake, bounded and described as follows: BEGINNING at a corner which was formerly a post under the trestle work of the Pennsylvania Coal Company's light track railroad; thence crossing the public road leading to Jonestown, and along the line of lands now Harry Simpson, south forty (40) degrees west seventy-four (74) rods to the margin of Jones Pond, now Lake Ariel; thence along the northerly margin of said pond in a general westward course about sixty-seven and one-quarter (67½) rods to a yellow birch tree corner and mentioned in the description of parcel six (6) of this conveyance, and the northeasterly corner of the tract of land conveyed to Charles E. Mills by the Estate of William Jones, deceased, as therein set forth; thence leaving the margin of said pond, crossing the public road leading from Lake Ariel, to Salem, and along the line of lands conveyed as aforesaid from the William Jones Estate to Charles E. Mills west eighteen and one-half (18½) rods to a corner; thence still along the line of the William Jones lot south forty (40) degrees west one hundred and twenty-six (126) rods to a corner; being the southwesterly corner of a certain lot of land conveyed by J. T. Barnes, Sheriff, of Wayne County to Dwight Mills; thence by land formerly of William Kreiler, north fifty (50) degrees west eighty-one and six-tenths (81.6) rods to a corner; thence along line of lands conveyed by Flora M. Schadt, Executrix to Howard A. Swingle, north forty-three (43) degrees and ten (10) minutes east nine hundred and eighty-two and four-tenths (982.4) feet to a corner; thence still by lands of said Swingle south thirty-eight (38) degrees and fifty-two (52) minutes east twenty-four (24) feet to a corner; thence still by lands of said Swingle north seventy (70) degrees and fourteen (14) minutes east three hundred and fifty (350) feet to a corner; thence by lands conveyed by Flora M. Schadt, Executrix, to John A. Schadt, Jr., the following courses and distances south seventy-two (72) degrees and fifty-eight (58) minutes east four hundred and eighty (480) feet to a corner; south forty-nine (49) degrees and eight (8) minutes east fifty-nine and six-tenths (59.6) feet to a corner; south eighty-seven (87) degrees twenty-nine (29) minutes east one hundred and eighty-nine (189) feet to a corner; south eighty-nine (89) degrees and twenty-three (23) minutes east one hundred and nineteen and one-tenth (119.1) feet to a corner; thence north seventy-six (76) degrees and four minutes east two hundred and nine (209) feet to the westerly line of the right of way of the Jones Lake R.R. company at Station eight (8) plus seventy-one (71); thence following said right of way line in a northwesterly direction along lands of John A. Schadt, Jr., and W. W. Mills to a point where the said right of way crosses the original line of the Dwight Mills lot; thence by said original line, crossing the right of way line diagonally, and along lands of the Pennsylvania Coal Company, north two and one-quarter (2¼) degrees east about one hundred and twenty-two (122) feet to a corner; thence by lands of the Pennsylvania Coal Company, and lands late of Jonathan Brown to the westerly side of the public road leading from Lake Ariel, to Salem; thence along northerly along said road, north five (5½) degrees and fifty-

eight (58)  minutes    twenty-six and two-tenths (26.2) feet, and north ten (10)
degrees and  six (6)    es West one hundred and forty-nine .and six-te    (149/6) feet
to the southerly side    railroad Street, the main street leading throu    e Village
of Ariel;  thence along said street north sixty (60)  degrees east  thirty and seven-
tenths (30.7) feet to a corner;   thence along  line of lands conveyed by George F.
Simons, et al.  to J.A.  Bortree, south twenty-nine (29) degrees and thirty-eight' (38)
minutes west one hundred and fifty (150)  feet to a corner;   thence along the rear line
of lots conveyed to Dwight Mills, et al., to E. G. Stevens, north sixty and one-half
(60½) degrees east one hundred and twenty-seven (127) feet to a corner;   thence by line
of lands leased to Edgar  Simons, by C. H. Schadt, et al., North twenty-six (26) deg-
rees and twenty (20), minutes west one hundred and fifty (150) feet to the  southerly line
of said Railroad Street;   thence  along said Street, north sixty (60)  degrees east
sixty-four  and six-tenths (64.6).  feet to a corner of Railroad Street and Maple Avenue;
thence continuing said courses across Maple Avenue, forty (40) feet to the easterly side
thereof;   thence along the  the easterly side of Maple Avenue, by lands of George
Kellam, the Union Church, and Dr. H. C. White  south thirty-three (33) degrees and thirty
(30) minutes east three hundred and forty (340) feet to a corner; thence by  line divid-
ing the White lot from lot leased to C. D. Jones as Trustees for the Methodist Church
north fifty-six (56) degrees and thirty (30) minutes east one hundred and fifty (150)
feet to a corner;   thence along rear line of the White lot, parallel to the easterly
line of Maple 'venue  ninety (90)  feet to a corner;   thence along the Northerly line of
the White Lot,  south fifty-six (56) degrees and thirty(30) minutes west, ninety (90) feet
to a corner;   thence along the rear line of the Union Church lot; prallel to the easterly
line of Maple Avenue;  sixty-five  (65)  feet to a corner;   thence by land conveyed by
Flora M. Schadt, Executrix to Clara T. Johnson, north sixty-three (63) degrees east
sixty (60) feet to a corner;   thence along said Johnson line north twenty-seven (27)
degrees west one hundred and fifty-nine and seven-tenths (159.7) feet to an iron pipe
for a corner,  on the southerly side of Railroad Street;  thence crossing Railroad Street
by the same course to the southerly right of way line of Old Pennsylvania Coal Company's
gravity railroad;  thence easterly along said right of way line about ninety-five (95)
rods to the line of the Deight Mills purchase, which is the first  mentioned line in this
description;  and thence   northerly along said line across the southerly half of the
Pennsylvania Coal Company right of way twenty-five (25) feet to the place of BEGINNING.
Be  the quantity of land therein contained more or less. .  Included within the boundaries
of the foregoing description is the lot of land known as the Lake House property mentioned
and described in  Nos. 5 of this Indenture.  Excepting and Reserving out of the parcel
of Land No. 8,  above described, the following lots or parcels of land hereinabove sold,
and conveyed, viz:

FIRST: All that certain parcel of land bounded and described as follows: BEGINNING
at the southeasterly corner of Lot No. 13, in the Westerly line of Lake Avenue, formerly
known as Maple Avenue in the Village of Ariel;  thence along the Westerly line of said
street north  twenty-nine and one-half (29½) degrees west ninety (90) feet to a corner;
thence by the north one-half (½) of Lot No. 11, on said street, and lands of Agnes S.
Howe,  south sixty and one-half (60½)  degrees west one hundred and fifty (150) feet to
a corner;   thence along lands of the Charles H. Schadt Estate, south twenty-nine and one-
half (29½),  degrees east ninety (90) feet to a corner;  thence by Lot No. 15, now lands
of Carl H. Schadt, north sixty and one-half (60½) degrees east one hundred fifty (150) feet
to the place of BEGINNING.  CONTAINING thirteen thousand  five hundred (13,500) square feet
be the same more or less. Being the same land which the said Dwight Mill, et aux. by deed
dated May 13, 1892, and  recorded in Wayne County in Deed Book No. 71,  page 502,
granted  and conveyed to Alfa S. Keyes.

SECOND:    all that certain parcel of land bounded and deed as follows: BEGINNING at    ner in the westerly line of Maple Avenue; the    by a line at right angles to said westerly line of Maple Avenue, along land  of Alva S. Keyes one hundred and fifty (150) feet to a corner;  thence by a line parallel with the westerly line of Maple Avenue;  along line of lands of the Charles M. Schadt Estate, sixty (60) feet to a corner;  thence by a line at right angles to the westerly line of Maple Avenue a long land of Roy N. Howe, one hundred and fifty (150) feet to the westerly line of Maple Avenue  and thence along said westerly line sixty (60) feet to the place of BEGINNING.  CONTAINING nine thousand (9,000) square feet of land be the same more or less.  And being the same parcel of land which Flora M.  Schadt, Executrix, by deed dated September 29, 1913, and recorded in Deed Book No. 105, page 318, granted and conveyed to Agnes S. Howe.

THIRD:  Also all that other certain piece or parcel of land bounded and described as follows:  BEGINNING  at a corner in the westerly line of lands of Maple Avenue; thence by a line at right angles thereto and along lands conveyed to Agnes S. Howe at last above described, one hundred and fifty (150) feet to a corner;  thence by a line. parallel to the westerly line of Maple Avenue, along lands on the Charles H. Schadt Estate fifty (50) feet to a corner;  thence by a line at right angles to the westerly line of Maple Avenue  and along  line of lands leased to Samson and Cook, one hundred  and fifty (150)  feet to the westerly line of Maple Avenue;  and thence along said westerly line fifty (50 feet to the place of BEGINNING.  CONTAINING  seventy-five hundred (7,500) square feet of land be the same more or less. And being  the same land which Flora M. Schadt,  Executrix by her deed dated September 29, 1913,  and recorded in Deed Book No. 105,  page 317, granting and conveyed to Roy N. Howe.

FOURTH:  Also all that other certain lot or parcel of land bounded and described as follows:  BEGINNING  at a point on the westerly line of Maple Avenue, in the Village of Ariel;  being the southeasterly corner of a lot of land belonging to Ava B. Keyes; thence westerly at right angles to  said Maple Avenue, along the line of said Keyes one hundred and fifty (150) feet to a corner;  thence southerly on a line parallel to the line of said Maple Avenue, along lands formerly of the Charles H. Schadt Estate,  one hundred and twenty (120) feet or  thereabouts to the northerly line of Lake Avenue;  thence along said northerly line of Lake Avenue  one hundred and fifty (150) feet to its intersection at right angles with the westerly line of said Maple Avenue;  and thence along the said westerly line of Maple Avenue one hundred and twenty (120) feet or thereabouts to the place of BEGINNING.  CONTAINING  approximately eighteen thousand (18,000) square feet of land, being the same parcel of land which Flora M. Schadt, Executrix, by her deed dated June 28, 1922,  and recorded in Wayne County Deed Book No. 118 page 167,  granted and conveyed to Carl H. Schadt.

FIFTH:  Also all that other  certain lot or parcel of land, bounded and described as follows:  BEGINNING  at Station sixty-three (63) by eighty  (80)  in the Center line of the Jones Lake Railroad;  thence westerly  at right angles to said center line fifteen (15) feet to a corner in line of lands conveyed to the said Dwight Mills by the Pennsylvania Coal Company;  thence southerly and curving to the right by a nineteen (19)  degree curve to a point opposite Station One (1)  of the line of the said proposed railroad to be built on the strip of land described and thirteen (13) feet westerly from said station;  thence continuing by said curve to a point opposite Station  Two, (2)  and eleven (11) feet Northerly therefrom;  thence continuing by said curve and parallel to center line of said railroad to a point opposite Station  three and eleven (11) feet northwesterly from said station;  thence continuing by said curve to a point oppos- ite station four (4)  and twelve (12) feet northerly from said Station;  thence continuing

by said curve and a      e curve of twenty (20) degrees curving to the      to a point
opposite station five      and fourteen (14) feet northwesterly from sai     ion;   thence
by
continuing/said twenty (20) degrees curve and parallel to the center line of said
proposed railroad to a point opposite  station six (6) and fourteen (14) feet north-
westerly from said Station;   thence continuing by said twenty (20)  degrees curve to a
point opposite station seven (7) and nine (9) feet northwesterly from said station;
thence continuing by said curve and parallel to the center line of  said railroad
to a point opposite station nine (9) and nine (9) feet westerly from said station;
thence westerly at right angles to a tangent drawn  to the curve at the last mentioned point
thirteen (13) feet or twenty-two (22) feet westerly from said Station nine (9);  thence
continuing by a line parallel to the center line of said proposed railroad to a point
opposite station ten (10) and twenty-two (22) feet southwesterly from said station;
thence by said curve to a point opposite station eleven (11) and twelve (12) feet south-
westerly from said station;  thence by said curve parallel to the center line of the said
proposed railroad to a point opposite station twelve (12)  and twelve (12) feet south-
erly from said station;  thence by a line at right angles to the tangent drawn to the
curve at the said last mentioned point ten (10) feet, or twenty-two (22) feet from said
station twelve (12) to a point  in the line of a certain  wire fence bordering the
plank walk leading to the plente grove;   thence  by the line of a said fence south
sixty-eight (68) degrees east three hundred and twenty-three (323) feet to a corner;
thence by line of said fence north fifty-eight (58) degrees and fifty-seven (57) minutes
east one hundred and seventeen and sixtenths (117.6)  feet to a corner;  thence by the
line of said fence north twenty (20) degrees and fifty-one (51)  minutes West
two hundred and two (202) feet to a corner;  twelve (12) feet easterly from the center
line of a said railroad on said twenty (20) degrees curve;  thence by said curve parallel
to the said center line northerly to a point opposite station eighteen (18) and twelve
(12) feet easterly from said station;  thence westerly at  right angles to a  tangent
drawn to the curve at said  mentioned point crossing the center line of said  proposed
railroad at said  station eighteen (18)  twenty-four (24) feet to a point  opposite to
and twelve (12) feet westerly from said station eighteen (18);  thence southerly, west-
erly and northerly by a twenty (20) degrees curve parallel to the center of the said
proposed railroad to point opposite station nine and twelve feet  easterly from said
station;   thence at right angles to a tangent drawn to the curve at said station nine
(9) and two (2) feet to a point fourteen (14) feet easterly from said station nine (9)
thence curving northerly by said curve and parallel to said center line to a point opposite
station five (5) and fourteen (14) feet southeasterly  from said station;  thence at
right angles to a tangent drawn to the curve at said station five (5), two (2) feet to a
point opposite to and twelve (12) feet southwesterly from said station five;  thence
continuing by said curve and a reverse curve of nineteen degrees on a line parallel to the
said center line to a point opposite the said Station sixty-three (63) by eight (8) and
twelve (12) feet easterly from said station;  thence by a line at right angles to the
center line of the said Jones Lake Railroad westerly  twelve (12) feet to the point of
beginning.  Containing one and two-tenths (1.2) acres of land, be the same more or
less. Being the same parcel of land which the said Dwight Mills and wife by deed dated
April 11, 1893,  and recorded in Wayne County Deed Book No. 73 page 86, etc.  granted
and conveyed to the Jones Lake Railroad Company, the said conveyance from Dwight Mills to
the said Jones Lake Railroad Company containing the following  exceptions, reservations,
and conditions, however, and this conveyance is made on the express understanding and
agreement that neither the line of land hereby conveyed, nor any curving, filling or other
improvement or appurtenances of the  railroad proposed to be built on the strip of land

hereby conveyed    ll extend west of the stone fence which is the        terly boundary of a certain lands           ng from the barnyard of the said first part to      aforesaid picnic grove. And provided also that between the westerly rail of the pr    sed railroad and the line of said fence there shall be a passageway constructed by said second part not less than eight (8) feet in width on a level with the bed of the railroad to extend along the said stone fence in both  directions until the said fence reached a point northerly and southerly at least ten (10) feet from the line of lands hereby conveyed and the said party of the first part, his heirs and Assigns,  shall have  the right to pass and re-pass along said passageway so to be reserved and constructed, on foot or with their cattle, teams sleighs, or wagons as often  and at such times as they shall see fit to do so. Provided and so that the said party of the first part for himself, his heirs and Assigns, shall have  the  right to cross the strip of land hereby conveyed and such railroad or other improve- ment as may be constructed upon it, with a wagon road at grad  at or near station eighteen (18)  above mentioned, and also at or near station 12 above mentioned and to use said road for all purpose for which wagon roads are commonly used, provided that the  movement of cars and trains of the second part, its successors and Assigns, shall at no time and in no way be interfered with. Provided also that the said party of the first part shall have the right to maintain a line of water pipe under and across the strip of land hereby conveyed at such place or places as said pipe may cross, and by himself, his heirs and assigns, to enter upon the land hereby conveyed and do such acts as may be necessary for  said maintenance, provided however, that in doing so,  no injury shall be done to the lands of the said second party and the movement of cars and trains shall in  no way a nd at no time, be interfered with. Said line of water  pipe to be laid by the second party according to the terms of an agreement between the parties hereby bearing the date of April 8, 1893.  Provided also that the said party of the first part, his heirs and assigns, shall have the right to cross and re-cross the said strip of land hereby conveyed and the railroads and other improvements that may be placed upon it, etc., at which points as he may select for the purpose of gaining access from  his other lands to the land enclosed in the strip hereby conveyed, which right to be exercised in such a way as not to interfere at any time or in any manner with the movement of cars or trains of the said second part, its successors or assigns. This conveyance  is made in pursuance of a written agreement between the parties, said execution April 8, 1893.  set forth fully the terms of sale and conditions.

Title to Parcel  8 having been described as  llows: Being a portion of the second parcel of land which J  T. Barnes, Sheriff of Wayne County, by Sheriff Deed, Dated February 6, 1865,  and recorded in Deed Book No. 32, Page 93.  Granted and conveyed to Dwight Mills and also Jane B. Mills, widow and Elizabeth M. Rigart, et al. heirs of Dwight Mills, deceased, by deed dated April 8, 1896,  and recorded in Deed Book No. 80, page 25,  granted and conveyed to Charles H. Schadt and P. J. Horan.  And being a portion of a certain other lot of land which George Cadwalader, Executor, etc. of Mary Cadwalader, deceased, by deed dated June 3, 1853,  and recorded in Deed Book No. 22, page  13.  granted and conveyed to the said Dwight Mills and which Jane  B. Mills, widow, and Elizabeth M. Rigart,  et al. heirs of Dwight Mills, deceased BY THEIR deed of April 8, 1896,  recorded in Deed Book No. 80,  page 25, granted and conveyed to Charles H. Schadt and P. J. Horan.

NO. 9.  Also all that other certain separate triangular plot or parcel of land lying on the north side of the abandoned right of way of the Pennsylvania Coal Company's Gravity Railroad;  Beginning at a point in the Northeastern line of the parcel of land last above mentioned and having been conveyed by George Cadwalader, Executor of Dwight Mills, by deed dated June 3, 1853,  thence by lands formerly of Susan

S. Sandercock, l south      y (50). degrees east two hundred fifty-four (2      feet to a corner on the Norther        ght of way line of the abandoned rail road of      Pennsylvania Coal Company;   thence following said line of right of way south fifty-five (55) degrees and forty-five (45) minutes west two hundred fifty-five (255)  feet to a corner and thence by the rear of certain lts fronting on the public road leading  from Lake. Ariel to Gravity  north one (1) degree and thirty (30), minutes east two hundred ninety (290) feet to the place of Beginning. Containing approximately twenty-nine thousand (29,000)  square feet of land. Being a portion of that certain parcel of land already mentioned which was conveyed to Dwight Mills by George Cadwalader,  Executor by deed dated June 3  1853 and recorded in Deed Book No. 22, page 13, etc.  The parcel last above described having been included in the conveyance already mentioned from Jane B. Mills, widow  and Elizabeth Bigart; et al. heirs of Dwight Mills, deceased  to Charles Schadt and P. J. Horan, dated  April 8, 1896,  and recorded in Deed Book No. 80 page 25.

No. 10. Also  all that other certain lot or parcel of land bounded and described as follows:  BEGINNING  at a corner on the westerly margin of lands of Ariel  thence along the line which Divides the lands of Byron Jones and J. S. Smith,  North forty-four (44) degrees west  two  hundred fifty (250) feet to a corner in said lands  thence by a line of land formerly of Byron Jones, Now Rose E. Williams,  the following courses and distances; north thirty-five (35) degrees and forty-four (44) minutes  east seven hundred twenty-three (723)  feet to a corner, north fifty (50) degrees twenty-seven (27) minutes, east three hundred four (304 ) feet to a corner;  thence north thirty-five (35) degrees, and forty-eight (48) minutes, east nine hundred and ninety-eight (998) feet to a corner in the line dividing  the Byron Jones farm from the William Jones farm:  thence by said line south forty-four (44)  degrees east three hundred sixty (360) feet or thereabouts to a corner at the Westerly margin of Lake Ariel, and thence along  the westerly margin of Lake Ariel, as it winds and turns in a southwesterly direction about one thousand four hundred fifty (1,450)  feet to the place of Beginning.  Containing approximately nine (9)  acres of land. Being a portion of a larger parcel of land which John Joel Jones and wife,  by their deed dated January 1864,  and recorded in Deed Book No. 31, page 76, etc. granted and conveyed to Byron Jones and Reuben P. Jones, the undivided one-half interest in which was conveyed by the said Reuben P. Jones to Byron Jones by deed dated April 10, 1871, and recorded in Deed Book No. 53, page 158, in which said Byron Jones by his deed dated April 8, 1896,  and recorded in Deed Book No. 80, page 21, granted and conveyed to the said Charles H. Schadt and P. J. Horan.  By deed dated May 1, 1896,  and recorded in Deed Book No. 80, page 156,  P. J. Horan,  and wife, conveyed to M. J. Healey and wife an undivided one-half interest of the one-half interest which had thus become vested to P. J. Horan so that thereupon M. J. Healey took title to an undivided one-fourth interest in the whole and on the same at the time of his death having died intestate. By deed dated February 9, 1905, and   recorded in Deed Book No. 94,  page 281. P. J. Horan, and wife and Mary Healey, et al.  heirs at law of  M. J. Healey, deceased,  joined in a conveyance to Charles H. Schadt of their undivided one-half interest in said property so that thereupon said Charles H. Schadt became vested with title to the entire property, including all of the parcels of land mentioned and described in this conveyance from No. 1, to No. 10 inclusive

The above described lands being also the same premises that Floyd E. Bortree and Anna C. Bortree, his wife,  by their deed dated February  27, 1933,  and recorded in Wayne County Deed Book 136, page 458,  granted and conveyed to F. E. Bortree Land Company. Being the same premises conveyed by F. E. Bortree Land Company to A. J. Schrader and George W. Russ, by deed dated January 15, 1954,  and recorded in the office for the recording of Deeds in and for the County of Wayne  in Deed Book 186,  page 374 excepting and reserving, however, all pieces and parcels of land granted and conveyed adversely and

recorded in the office of Recorder of Deeds in and for Wayne County, the Sellers herein and their predecessors in title to and including the 19th. day of Aug , 1963, subject also, nevertheless, to such easements, covenants, reservations and restrictions as appear in the chain of title, including lake rights granted to Paul M. Brown and Genevieve Brown his wife, by writing dated July 25, 1963, copy of which has been delivered by the Sellers herein to the Buyers, but which agreement is not recorded as of this date.

TOGETHER with all and singular theways, waters, water coursed, rights, liberties privileges, hereditaments and appurtenances, whatsoever thereunto belonging, or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof; and all the estate, right, title, and interest, property; claim and demand whatsoever of A. J. Schrader and George W. Huss or their predecessors in title --- including, but not by way limitation, all rights, privileges, rents, rights, of reversions, and otherwise created by A. J. Schrader and George W. Huss, and their predecessors intitle in the execution of the various leases executed by F. E. Bortree Land Company and its predecessors in title, inlaw, equity, or otherwise howsoever of, in and to the same and every part thereof, as well as those created by A. J. Schrader and George W. Huss. Being the same premises conveyed by F. E. Bortree Land Company to A. J. Schrader and George W. Huss, by deed dated June 15, 1954, and recorded in Deed Book 186, page 374.

SECOND PARCEL : Being all the right, title, and interest of A. J. Schrader and George W. Huss, in and to all those certain pieces or parcels of land situated in the township of Lake Ariel, County of Wayne, Pennsylvania, as are set forth in a deed dated February 2, 1955, from the Erie Railroad Company and duly recorded in the office of Recorder of Deeds in and for the County of Wayne in Deed Book 190, page 190, excepting and reserving therefrom conveyance to William H. Cook and duly recorded in Deed Book 192 page 49. Also excepting premises conveyed to Arthur M. Davies, et ux. and duly recorded in Deed Book 203, page 197.

Both parcels are subject to such easements, conveyances and restrictions as appear in the chain of title and subject. Further, to the conveyances and privileges as granted and conveyed adversely prior to August 15, 1963, and by reference to the various adverse conveyances andprivileges, will appear in the chain of title.

TO HAVE AND TO HOLD the said Premises with all and singular the appurtenances and otherwise unto the Grantee, its successors and Assigns, to the only proper use, benefit and behoof of said Grantee, its successors and Assigns forever, subject, however, to the exceptions and reservations and rendered and subject to the same as aforesaid.

The said Grantors do by these presents covenant, grant and agree to and with the said Ariel Land Owners, Incorporated its successors and Assigns, that they, the said Grantors, all and singular, the hereditaments and appurtenances hereinabove described and granted or mentioned and intended so to be with the appurtenances unto the said Ariel Land Owners, Incorporated its successors and assigns against them and the said Grantors, and against all and every person or persons whosoever lawfully claiming or to claim the same or any part thereof, shall and will warrant and forever defend.

FEDERAL STAMPS $ 90.70 CANCELLED.

PENNSYLVANIA STATE STAMPS $ 820.00 CANCELLED.

IN WITNESS WHEREOF, the said Grantors have hereunto set their hands and seals, the day and year aforesaid.

|  |  |
|---|---|
| A. J. Schrader | (Seal) |
| Florence Schrader | (SEAL) |
| George W. Huss | (SEAL) |
| Elizabeth Huss | (SEAL) |

CCC016

STATE OF PENNSYLVANIA :

COUNTY OF SCHUYLKILL : SS

On this the 20th. day of April, 1964, before me, a NotaryPublic, the undersigned Officer, personally appeared George W. Huss and Elizabeth Huss, his wife, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

Weller Hunsinger (SEAL)
Notary Public, My comm.Exps. Feb.1,1965

STATE OF PENNSYLVANIA :

COUNTY OF LACKAWANNA : SS

On this, the ------ day of April, 1964, before me, a Notary Public, the under-signed Officer, personally appeared A. J. Schrader and Florence Schrader, his wife known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I Hereunto set my hand and official seal.

Pauline E. Kingsley, Notary Public,(SEAL)
My comm.Exps. My comm.Exps. Jan. 6,1965
Scranton-Lackawanna County.

I Hereby Certify, that the precise address of the Grantee herein, is Box 205 Lake Ariel, Pa.

William Dempsey,

Attorney for Grantee

Recorded in the office for the Recording of Deeds in and for Wayne County in Deed book 221, page 292. Witness my hand and seal this 5th. day of June, A.D.1964 at 1:49 P.M.

L. Byron Davis, Recorder, (SEAL)

JAMES RUTHERFORD, ET UX. : THIS DEED, Made the second day of June, in the
        TO                       : year of our Lord one thousand nine hundred and
LYDIA SMITH                      : sixty-four. Between JAMES RUTHERFORD, and DOROTHY
                                   RUTHERFORD, his wife, of the Township of Texas,
                                   County of Wayne and Commonwealth of Pennsylvania
GRANTORS, and LYDIA SMITH, of the Township of Texas, County of Wayne, and Common-
wealth of Pennsylvania, GRANTEE.

The Following is Exhibit B

DATE: 09/13/1996   TIME: 03:51P  DIST NO.:    6706

Wayne County, PA
OFFICE OF THE Recorder of Deeds

RECEIPT NO : 012632    TYPE DOC :  DEED
        REC FEE              :        18.00
        LRTT                 :       870.54
        SRTT                 :       870.54
        WRIT TAX             :         3.50

# THIS DEED

*MADE* the 13th day of September, In the year of our Lord one thousand nine hundred and Ninety six (1996).

### BETWEEN

**ROBERT M. SWINGLE** and **IRENE D. SWINGLE, his wife**, of R.D. #6 Box 6723, Lake Ariel Pennsylvania 18436 and **GLENNA J. CURTIS** and **MARION J. SWINGLE** of R.R. #4 Box 420, Lake Ariel, Pennsylvania 18436, hereinafter referred to as **GRANTORS**

### AND

**NANCY ASARO AND LORI DRING**, of 84 Greenvale Avenue, Wayne, New Jersey 07470, hereinafter referred to as **GRANTEES**

*WITNESSETH*, that in consideration of Eighty Seven Thousand Fifty Three **and 80/100 ($87,053.80)**, in hand paid, the receipt whereof is hereby acknowledged; the Grantors do hereby grant and convey to the said Grantees, their Heirs and Assigns,

*ALL*, that certain lot, piece or parcel of land, situate, lying and being in the Township of Lake, County of Wayne and State of Pennsylvania, bounded and described as follows, to wit:

*BEGINNING* at the center of Pa State Route 191; thence South 40 degrees 45 minutes 00 seconds East 398.52 feet to a 1/2" set rebar; thence South 9 degrees 21 minutes 58 seconds East 941.63 feet to a 1/2" set rebar; thence North 60 degrees 26 minutes 47 seconds East 1347.25 feet to a 1/2" set rebar; thence North 59 degrees 40 minutes 13 seconds East 848.25 feet to a 1/2" set rebar; thence South 41 degrees 56 minutes 4 seconds East 287.77 feet to an iron pin found; thence South 45 degrees 43 minutes 4 seconds West 246.28 feet to an iron pin found; thence South 83 degrees 25 minutes 54 seconds West 98.71 feet to an iron pin found; thence South 37 degrees 42 minutes 59 seconds East 238.35 feet to an iron pin found; thence North 87 degrees 15 minutes 13 seconds West 176.94 feet; thence South 68 degrees 17 minutes 26 seconds West 95.64 feet; thence South 66 degrees 04 minutes 52 seconds West 123.62 feet; thence South 72

BOOK 1176 PAGE 0197

*degrees 58 minutes 20 seconds West 17.41 feet; thence South 82 degrees 27 minutes 31 seconds West 108.24 feet; thence South 84 degrees 30 minutes 08 seconds West 115.43; thence South 31 degrees 00 minutes 12 seconds East 72.24 feet; thence South 60 degrees 43 minutes 12 seconds East 50.00 feet; thence South 02 degrees 50 minutes 26 seconds East 118.28 feet ; thence South 23 degrees 23 minutes 16 seconds East 118.28 feet; thence South 29 degrees 35 minutes 24 seconds West 51.82 feet; thence South 28 degrees 45 minutes 49 seconds West 61.71 feet; thence South 31 degrees 33 minutes 28 seconds West 40.07 feet; thence South 66 degrees 29 minutes 11 seconds West 179.90 feet; thence South 73 degrees 40 minutes 49 seconds West 90.63 feet; thence South 82 degrees 20 minutes 28 seconds West 74.71 feet; thence North 51 degrees 29 minutes 15 seconds West 40.25 feet; thence North 48 degrees 37 minutes 44 seconds West 72.70 feet; thence North 46 degrees 59 minutes 43 seconds West 71.68 feet; thence North 69 degrees 21 minutes 42 seconds West 91.37 feet; thence North 83 degrees 32 minutes 00 seconds West 106.81 feet; thence South 69 degrees 31 minutes 53 seconds West 91.81 feet; thence South 67 degrees 30 minutes 34 seconds West 83.96 feet; thence South 42 degrees 11 minutes 15 seconds West 87.05 feet; thence South 25 degrees 31 minutes 44 seconds West 106.34 feet; thence South 19 degrees 14 minutes 57 seconds West 83.49 feet; thence South 37 degrees 29 minutes 50 seconds West 119.85 feet; thence South 13 degrees 43 minutes 13 seconds East 85.70 feet; thence South 11 degrees 07 minutes 20 seconds East 68.69 feet; thence South 34 degrees 27 minutes 42 seconds West 47.39 feet; thence South 22 degrees 02 minutes 50 seconds West 57.02 feet;  thence South 15 degrees 11 minutes 21 seconds West 74.79 feet; thence South 19 minutes 21 seconds East 69.24 feet; thence North 68 degrees 57 minutes 37 seconds East 51.95 feet; thence South 16 degrees 14 minutes 38 seconds East 299.13 feet to an iron pin found; thence North 88° degrees 20 minutes 42 seconds West 780.83 feet to a 1/2" set rebar; thence North 52 degrees 27 minutes 28 seconds West 437.83 feet to a 1/2" set rebar; thence North 74 degrees 09 minutes 53 seconds East 104.27 feet to an iron pin found; thence North 15 degrees 50 minutes 07 seconds West 264.00 feet to an iron pin found; thence North 48 degrees 48 minutes 29 seconds West 165.51 feet to an iron pin found; thence North 16 degrees 19 minutes 59 seconds East 547.91 feet to an iron pin found; thence North 47 degrees 51 minutes 38 seconds East 640.04 feet to an iron pin found; thence North 16 degrees 17 minutes 40 seconds West 281.13 feet to an iron pin found; thence North 62 degrees 39 minutes 39 seconds West 242.00 feet to a point in the center of PA State Route 191; thence North 24 degrees 10 minutes 00 seconds East 204.91 feet to the point or place of BEGINNING.  CONTAINING 52.210 acres as surveyed by Tim A. Jones, Land Surveyor March 1, 1996.*

*BEING Parcel No. 1 on the approved subdivision map as recorded at Wayne county Map Book 85 at page 90.*

BEING a part of those lands conveyed to the Grantors herein by Deed recorded at Book 776 page 193, and also at Book 776, page 308.

TOGETHER WITH the right in the grantees, theirs and assigns to use and improve each of the following two right of way which cross remaining lands of the grantors:

FIRST: BEGINNING in the centerline of T370 at the juncture of those measurements designated L42 and L43 on the aforesaid map; thence along a centerline bearing North 66 degrees 16 minutes 31 seconds East 311.87 feet to the edge of Parcel 1 described above. this right of way to be fifty feet, twenty - five feet to either side of the centerline.

SECOND: BEGINNING at the center of PA State Route 191 at the end point of that measurements designated L48; thence South 61 degrees 49 feet 58 seconds East 242.01; thence North 78 degrees 48 minutes 29 seconds West 165.51 feet along the aforesaid Parcel 1 above. This right of way to be fifty feet in width and parallel to the above two measurements as depicted on the survey map recorded at Map Book 85 at page 90.

TOGETHER WITH the right in the Grantors and their heirs, lives in being on this date, to go across at all reasonable times and places from their remaining lands so much of the land hereby conveyed as the Grantors have historically used to access the waters of Lake Ariel for fishing and boating, including the right to transport a boat to Lake Ariel. Should none of Grantors or their heirs as defined above, own adjoining lands, this right shall cease.

BEING a part of the premises which the Estate of Spencer Swingle, by Glenna J. Curtis, Executor, granted and conveyed unto Robert M. Swingle, Glenna J. Curtis and Marion J. Swingle, by deed dated February 4, 1993 and recorded in Wayne County Record Book 776 at page 193.

For an approved map showing the above described premises se Wayne County Map Book 95 at Page 90.

AND the said Grantors will Warrant SPECIALLY the property hereby conveyed.

BOOK 1176 PAGE 0199

**IN WITNESS WHEREOF,** the Grantors have hereunto set their hands and seals the day and year first above written.

**SIGNED, SEALED** and **DELIVERED**
in the presence of

*Robert M Swingle* (SEAL)
ROBERT M. SWINGLE

_____

*Irene D Swingle* (SEAL)
IRENE D. SWINGLE

_____

*Glenna J Curtis* (SEAL)
GLENNA J. CURTIS

*Marion J Swingle* (SEAL)
MARION J. SWINGLE

**STATE OF** *Pennsylvania*
                                  **ss:**
**COUNTY OF** *Wayne*

**On** this the 13th day of *September* 1996, before me a notary public, the undersigned officer, personally appeared **ROBERT M. SWINGLE**, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.

```
Notarial Seal
Tracy L. VanBlarcom, Notary Public
Honesdale Boro, Wayne County
My Commission Expires June 8, 1998
```

*Tracy L. VanBlarcom*
NOTARY PUBLIC

BOOK 1176 PAGE 0200

STATE OF *Pennsylvania,*

COUNTY OF *Wayne.*

    **ss:**

    On this the 13th day of *September,* 1996, before me a notary public, the undersigned officer, personally appeared **IRENE D. SWINGLE,** known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

    *IN WITNESS WHEREOF, I hereunto set my hand and official seal.*

                                            *Tracy L. VanBlarcom*

                 Notarial Seal
           Tracy L. VanBlarcom, Notary Public
          Honesdale Boro, Wayne County
          My Commission Expires June 8, 1998   NOTARY PUBLIC

STATE OF *Pennsylvania,*

COUNTY OF *Wayne.*

    **ss:**

    On this the 13th day of *September,* 1996, before me a notary public, the undersigned officer, personally appeared **GLENNA J. CURTIS,** known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

    *IN WITNESS WHEREOF, I hereunto set my hand and official seal.*

                                              *Tracy L. VanBlarcom*
                                          NOTARY PUBLIC

               Notarial Seal
          Tracy L. VanBlarcom, Notary Public
         Honesdale Boro, Wayne County
        My Commission Expires June 8, 1998

STATE OF *Pennsylvania* }
                                        ss:
COUNTY OF *Wayne* }

On this the *13th* day of *September* } 1996, before me a notary public, the undersigned officer, personally appeared **MARION J. SWIGLE**, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

   *IN WITNESS WHEREOF*, I hereunto set my hand and official seal.

> Notarial Seal
> Tracy L. VanBlarcom, Notary Public
> Honesdale Boro, Wayne County
> My Commission Expires June 8, 1998

*Tracy L. VanBlarcom*
NOTARY PUBLIC

*I HEREBY CERTIFY*, that the precise residence of the Grantee is 84 Greenvale Avenue, Wayne, New Jersey 07470.

Attorney for *Wm Golden*

I hereby CERTIFY that this document is recorded in the Recorder's Office of Wayne County, Pennsylvania.

*Ginger Golden*

Ginger Golden
Recorder of Deeds

BOOK 1176 PAGE 0202

*H.K.S*

The Following is Exhibit C

# CORRECTIVE DEED

**THIS DEED** made this _25_ day of _Augu..._ A.D., 1998 by and between

**ROBERT M. SWINGLE** and **IRENE D. SWINGLE**, his wife, **GLENNA J. CURTIS** and

**MARION J. SWINGLE**, of _Lake Township, Wayne_

_County, Pa._ , hereinafter called ——————————— **GRANTORS**

AND

**NANCY ASARO** and **LORI DRING** of 84 Greenraie Avenue, Wayne, New Jersey

07470, hereinafter called ——————————————— **GRANTEES**

WHEREAS, by Deed at Deed Book 119, Page 462, Spencer Swingle and Grace Swingle

obtained title to certain lands including a certain 55 acres tract first described at Deed Book 44,

Page 209 in a Deed from John Torrey, et ux to Jacob S. Smith, recorded April 1, 1874 and a

certain 105 acre parcel first described at Deed Book 30, Page 40 in a deed from Edward W.

Weston to Jeremiah T. Barnes recorded April 18, 1863; and,

WHEREAS, the aforementioned deeds and subsequent deeds in the Grantor's chain of

title, speak of the boundary of the land as being along the margin of said pond (Marsh Pond) at

the high water mark and along the highest flow of water in said pond (Jones Pond) and the Marsh

Pond; and,

WHEREAS, Grantors are descendants of and heirs of Spencer Swingle and other

Swingles in the chain of title who owned these 55 acre and 105 acre parcels; and

WHEREAS, Grantors sold certain lands to Grantees at Record Book 1176 at Page 197 using a survey description as depicted on a map at Map Book 85 at Page 90; and

WHEREAS, the exact historic margin of the flow of said ponds at the high water mark is other than the survey line delineated on the map at Map Book 85 at Page 90 mentioned above which map only depicts the waterline on the date of that survey; and

WHEREAS, the intent of Grantors in their Deed into Grantees was to convey all of their remaining lands bordering on Lake Ariel (formerly Jones Pond) and Marsh Pond (also known as Mud Pond), and the channel or stream connecting them;

NOW, THEREFORE, in consideration of ONE AND 00/100 ($1.00) DOLLAR, Grantors do hereby quit claim unto Grantees, all of their right, title and interest in and to any land to which Grantors have a claim by virtue of those deeds at Record Book 736, Page 318, and Record Book 776, Page 193, and prior deeds in the chain of title, which land lies between the boundary of any land previously conveyed by Grantors or their predecessors in title and the historic margin of said bodies of water known as Marsh Pond (now Mud Pond) and Jones Pond (now Lake Ariel) and the channel or stream connecting them.

No language contained herein shall be interpreted to diminish the reservation of rights by the Grantors in the prior deed to access the waters of Lake Ariel for fishing and boating, including the right to transport a boat to Lake Ariel.

IN WITNESS WHEREOF, the Grantors have hereunto set their hands and seals the day

and year above written.

Signed, Sealed and Delivered
in the Presence of

_Robert M. Swingle_
ROBERT M. SWINGLE

_Irene D. Swingle_
IRENE D. SWINGLE

_Glenna J. Curtis_
GLENNA J. CURTIS

_Marion J. Swingle_
MARION J. SWINGLE

COMMONWEALTH OF PENNSYLVANIA   :

COUNTY OF   _Wayne_               :

ON this, the 25th day of _August_, 1993, before me a Notary Public, the undersigned Officer, personally appeared **ROBERT M. SWINGLE and IRENE D. SWINGLE**, his wife, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_Linda V. Bindock_
Notary Public

NOTARIAL SEAL
LINDA V. BINDOCK, NOTARY PUBLIC
HONESDALE BOROUGH, WAYNE COUNTY
MY COMMISSION EXPIRES AUGUST 2, 1999

# *VERIFICATION*

GORDON FLOREY, deposes and says that he is the President of Ariel Land Owners, Inc., the Plaintiff in this action, that as such he is authorized to make this **Verification** on its behalf; that he has read the foregoing Amended Complaint in Quiet Title and that the facts contained in therein are true and correct to the best of his knowledge, information and belief.

I understand that statements made in the foregoing Amended Complaint in Quiet Title are made subject to the provisions and penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

Dated: *February 3, 2001*

ARIEL LAND OWNERS, INC.

GORDON FLOREY, President

## In The Court Of Common Pleas of the 22nd Judicial District
## Commonwealth of Pennsylvania
## County Of Wayne

ARIEL LAND OWNERS, INC.,       :      CIVIL ACTION

      PLAINTIFF           :

    VS.                :      ACTION TO QUIET TITLE

LORI DRING AND NANCY ASARO,    :

      DEFENDANTS        :      NO. 188- CIVIL -1999

## CERTIFICATE OF SERVICE

I hereby certify that on this _12th_ day of _February, 2001_ , I have served true and correct copies of the foregoing **Plaintiff's Amended Complaint in Quiet Title** upon the Attorney for the Defendants, LORI DRING and NANCY ASARO, by United States Mail, First Class, postage prepaid addressed as follows:

Garry S. Taroli, Esq.
Rosenn, Jenkins & Greenwald, L.L.P.
15 South Franklin Street
Wilkes-Barre, PA 18711


Michael Profita, Esq.
Huttle Profitta, L.L.C.
Glen Pointe Center West
Teaneck, NJ 07666


MICHAEL P. LEHUTSKY, ESQ.
ATTORNEY FOR PLAINTIFF
ARIEL LAND OWNERS, INC.