IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARIEL LAND OWNERS, INC.,            :
                                    :
   Plaintiff,                       :   CIVIL ACTION NO. 3:CV-01-0294
                                    :
   v.                               :
                                    :   (JUDGE CAPUTO)
LORI DRING, ET AL.,                 :
                                    :
   Defendants.                      :

## MEMORANDUM

Defendants, Lori Dring and Nancy Asaro, filed a motion for reconsideration of the Court's judgment of February 5, 2008. (Doc. 245.) The motion presents two grounds for reconsideration: (1) that since the Court found that plaintiff failed to establish record title to Lake Ariel and Mud Pond, the judgment should be amended to include this finding; and (2) that the judgment be amended to reflect that the strip of land owned by Dring/Asaro by virtue of a reservation in 1862 and subsequent conveyances, over which plaintiff has an easement by prescription, is measured as the land lying between the natural margin of 1423.5 feet above sea level and the high water mark of 1425.9 feet above sea level, rather than stating as it now does; the width of the strip is 2.4 feet.  I will grant the motion as to the second ground, and deny it as to the first ground.

### 1.  ALO Did Not Prove Ownership by Record Title

The Court determined that Plaintiffs failed to establish record title to Lake Ariel and Mud Pond by a preponderance of the evidence.  It found that title was established by adverse possession up to the natural water level or margin of 1423.5 feet above sea level

and that Plaintiff established it had a prescriptive easement of a strip of land owned by Defendants to the extent of the portion which was between 1423.5 and 1425.9 feet above sea level.

Defendants argue the Court should state in its judgment that Plaintiffs failed to establish record title to Lake Ariel and Mud Pond. Such an exercise is not only unnecessary but may well create confusion. The issue in the case was ownership of the Lake and Pond. The Court found ownership by adverse possession to the extent of 1423.5 feet above sea level and a prescriptive easement over land of Defendants to the extent of land lying between 1423.5 feet above sea level and 1425.9 feet above sea level. To say that Plaintiffs did not prove record title but proved title through adverse possession and use through prescriptive easement is to suggest that there is some equivocation in the Court's findings. The judgment is as stated, and the Memorandum is clear that the Court found the Plaintiffs failed to prove record title.

The motion in this regard will be denied.

**2. Width of 2.4 Feet**

Finding of Fact D. 23 states "The reservation of the South Strip is 2.4 feet, or the difference between the natural margin of 1423.5 feet and the highest flow which is 1425.9 feet above sea level." (Doc. 242). Conclusion of Law D. 1 states "Asaro/Dring have established their ownership by record title to the west shore reservation of the South Strip to a width of 2.4 feet."

The Defendants are correct in pointing out that the use of "2.4 feet" is static and does not take into account the level of water over varying grades of terrain adjacent to the natural margin of the Lake and Pond.

2

Finding D. 23 will be amended to read: "The reservation of the South Strip is the difference between the natural margin of the water at an elevation of 1423.5 feet above sea level and the high water mark or highest flow of water at an elevation of 1425.9 feet above sea level."

Conclusion of Law D. 1 will be amended to read "The reservation of the South Strip is the difference between the natural margin of the water at an elevation of 1423.5 feet above sea level and the high water mark or highest flow of water at an elevation of 1425.9 feet above sea level."

## CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED that Finding of Fact D. 23 and Conclusion of Law D. 1, as they appear in Document 242, are **vacated**, and in their place is the following:

**Findings of Fact D. 23**:

> "The reservation of the South Strip is the difference between the natural margin of the water at an elevation of 1423.5 feet above sea level and the high water mark or highest flow of water at an elevation of 1425.9 feet above sea level."

**Conclusion of Law D. 1**:

"The reservation of the South Strip is the difference between the natural margin of the water at an elevation of 1423.5 feet above sea level and the high water mark or highest flow of water at an elevation of 1425.9 feet above sea level."


Date: August 13, 2008           /s/ A. Richard Caputo
                                A. Richard Caputo
                                United States District Judge